NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230914-U

NO. 4-23-0914

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| NAPOLEON JACKSON, | ) | No. 23CF312 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Presiding Justice DeArmond and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court's order denying defendant pretrial release is affirmed.

¶ 2     On September 19, 2023, the circuit court entered an order to detain defendant, Napoleon Jackson, under both the dangerousness and the willful flight standards of section 110-6.1 of the Code of Criminal Procedure of 1963 (Procedure Code) as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1 (West 2022)), commonly known as the Pretrial Fairness Act. Defendant appeals the circuit court's decision. We affirm.

¶ 3                              I. BACKGROUND

¶ 4     On April 15, 2023, the State charged defendant by information with two counts of first degree murder (720 ILCS 5/9-1(a)(2), (b)(6)(c) (West 2022); home invasion (*id.* § 19-6(a)(5)); and aggravated battery (*id.* § 12-3.05(e)(1)). That same day, the circuit court set defendant's cash bond at $1 million.

¶ 5        On September 14, 2023, defendant filed a motion for pretrial release. The same day, the State filed a verified petition to deny defendant's pretrial release. Citing section 110-6.1(a)(1.5) of the Procedure Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)), the State noted defendant was "charged with a forcible felony, or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement and the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community." The State also alleged defendant had a "high likelihood of willful flight to avoid prosecution" and was charged with a "felony described in subdivisions (a)(1) through (a)(7) of 725 ILCS 5/110-6.1" (*id.* § 110-6.1(a)(1)-(7)). According to the State, defendant had prior weapons charges in two juvenile cases. In this case, his charges carried mandatory terms of imprisonment. Further, he abruptly quit school, fled the area, and was found in Newton, Iowa.

¶ 6        The State provided the following factual basis for denying defendant's request for pretrial release. On April 14, 2023, at approximately 12:44 a.m., Rock Island County deputies were dispatched to a residence in Milan, Illinois, in response to a report of gunshots. When the deputies entered the residence, they found D.T. (born June 25, 2005) on the floor, bleeding from a gunshot wound. The deputies observed David T., D.T.'s father, performing cardiopulmonary resuscitation (CPR) on his son. D.T. was pronounced dead at the scene. The police indicated a downstairs door appeared to have been kicked in. David T. told the deputies he heard a noise and went downstairs to investigate. He saw two young men holding D.T. at gunpoint. David T. began fighting with one of the intruders while D.T. fought with the other. David T. then heard a gunshot and heard the intruder fighting with D.T. say he had been shot. Someone then hit David T. in the head with a blunt object. David T. then heard more gunshots. Thereafter, the two intruders left. After realizing D.T. had been shot, David T. performed CPR on his son. David T. identified defendant as one of

the intruders.

¶ 7        Within 20 minutes of the 911 call from D.T.'s residence, J.S., a 15-year-old male, was left at a hospital in Rock Island with a gunshot wound to his chest. J.S. indicated he had been shot in Milan. After reviewing security footage from the hospital and area surveillance footage, the police determined Antoinette Williams, Tationna Taylor, and defendant took J.S. to the hospital in a Dodge Dart and left him there. The Dodge Dart was seen in surveillance footage driving to Milan, parking near D.T.'s residence, and then driving to the hospital several minutes later.

¶ 8        Deputies were able to locate the Dodge Dart and spoke with the two females in the vehicle. The females indicated defendant and J.S., who both had firearms, had gone to D.T.'s residence to rob him of money and cannabis. J.S. kicked a door in to get inside the residence.

¶ 9        J.S.'s mother spoke voluntarily with officers and indicated she knew defendant had shot both D.T. and J.S. According to J.S.'s mother, defendant said he accidentally shot J.S. while trying to stop David T. from fighting with him. Defendant had called J.S. to apologize.

¶ 10        On September 19, 2023, the circuit court held a hearing on the State's petition to detain defendant. The State told the court the charged offenses were all forcible offenses, defendant's pretrial release would pose a real and present threat to the safety of a person or persons or the community, and defendant had a high likelihood of willful flight. The information the State provided at the hearing was consistent with the State's petition. The State also informed the court that defendant's juvenile record included charges of possession of a firearm, aggravated battery, and unlawful possession of a stolen vehicle, and his probation in the unlawful possession case had been unsuccessfully discharged.

¶ 11        Defense counsel acknowledged defendant was charged with a detainable offense. However, counsel argued the State failed to show by clear and convincing evidence that defendant

posed a real and present threat to the safety of any person or persons or the community. As for willful flight, defense counsel argued the State failed to establish any intentional conduct for the purpose of thwarting the judicial process to avoid prosecution. According to defense counsel, the circuit court could institute conditions on defendant such as home detention and GPS monitoring.

¶ 12　　　　The circuit court found by clear and convincing evidence that defendant was charged with a detainable offense and the presumption was great that defendant had committed the charged offense. Further, the court concluded defendant was a threat to the community based on the nature and character of the charged offenses and his prior history, and defendant was also a flight risk because he had already once fled to Iowa.

¶ 13　　　　In its written order filed on September 19, 2023, the circuit court found by clear and convincing evidence that defendant should be detained under both the dangerousness standard (725 ILCS 5/110-6.1(a) (West 2022)) and the willful flight standard (*id.* § 110-6.1(a)(8)). Pursuant to section 110-6.1(h)(1) of the Procedure Code (*id.* § 110-6.1(h)(1)), the court found less restrictive conditions could not assure the safety of any person or persons or the community based on the nature and circumstances of the offense and defendant's history. Further, the court found less restrictive conditions would not assure defendant's appearance in court based on his prior flight.

¶ 14　　　　This appeal followed.

¶ 15　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 16　　　　On September 29, 2023, pursuant to Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023), defendant's trial counsel filed a notice of appeal challenging the circuit court's order denying defendant's pretrial release. Defense counsel made the following assertions in the notice: (1) the State failed to provide sufficient facts in its proffer to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person

- 4 -

or persons or the community; (2) the State failed to provide sufficient facts in its proffer to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions could mitigate the safety threat posed by defendant or the threat of defendant's flight; and (3) because of insufficient facts alleged by the court and in the State's proffer, the court erred by determining no condition or combination of conditions could reasonably ensure defendant's appearance for later court hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 17 The circuit court appointed the Office of the State Appellate Defender (OSAD) to represent defendant on appeal. However, OSAD chose not to file a memorandum pursuant to Illinois Supreme Court Rule 604(h). As a result, other than defense counsel's conclusory assertions, defendant did not provide this court with any analysis explaining why the circuit court erred in denying him pretrial release.

¶ 18 In *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11, this court indicated that, when reviewing a circuit court's decision to detain a defendant pretrial, we are not reviewing the evidence presented by the State anew. "Instead, we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion." *Id.* In addition, this court held that, while our supreme court has indicated the Pretrial Fairness Act has ushered in a new reality for pretrial release (See *Rowe v. Raoul*, 2023 IL 129248, ¶ 39 n.3), the new provisions of the Procedure Code "cannot function independently from the larger, longstanding body of law governing appeals." *Inman*, 2023 IL App (4th) 230864, ¶ 10. While Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) may not govern this type of appeal, this court made clear it would not ignore the appellate principles that produced Rule 341. *Id. ¶* 12.

¶ 19 Those principles require an appellant to provide "coherent argument and analysis

supported by proper record citations and legal authorities." *Id.* This court explained Rule 604(h) requires the notice of appeal to provide a description and grounds for the relief requested, which would appear to require some form of argument and justification for defendant's requested relief, record citations, and legal authority, if available. *Id.* According to this court's decision in *Inman*, this court cannot be expected to formulate arguments for a defendant. *Id.* ¶ 13. While Rule 604(h)(2) does not require a defendant to provide this court with a memorandum, this court concluded our supreme court "expects appellants to at least include some rudimentary facts, argument, or support for the conclusory claim[s] they have identified by checking a box" on a form approved by our state's highest court. *Id.*

¶ 20       In this case, defendant neither disputes he was charged with detainable offenses nor that the proof is evident or the presumption great that he committed the charged offenses. Instead, he simply alleges, without explanation, that the State's proffer included insufficient facts to establish by clear and convincing evidence that defendant was a real and present threat to the safety of a person, persons, or the community or that no condition or combination of conditions could mitigate his threat to the safety of others or his risk of willful flight. He also asserts the circuit court erred by determining no condition or combination of conditions would reasonably ensure his appearance for later court hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. In support of his claims, defendant only included vague, conclusory statements.

¶ 21       Based on our review of the record and the lack of any meaningful argument, we cannot say the circuit court abused its discretion in denying defendant pretrial release based on the incredibly serious and violent nature of the charges in this case, defendant's criminal history, and his prior flight to Iowa.

¶ 22                                    III. CONCLUSION

¶ 23            For the reasons stated, we affirm the Rock Island County circuit court's judgment

and remand the cause for further proceedings.

¶ 24            Affirmed; cause remanded.