2023 IL App (4th) 230864

NO. 4-23-0864

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 17, 2023
Carla Bender
4th District Appellate
Court, IL

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Warren County |
| WILLIAM R. INMAN, | ) | No. 23CF122 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Nigel D. Graham, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court, with opinion.
Justices Steigmann and Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, William R. Inman, appeals the circuit court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), which was recently amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). Defendant asserts "[t]he State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight." We affirm.

¶ 2                              I. BACKGROUND

¶ 3        On September 21, 2023, the State charged defendant with nine counts spanning three different case numbers. Specifically, defendant was charged with two counts of unlawful possession of a firearm by a felon, two counts of possession of a firearm while being firearm owner's identification (FOID) card ineligible, one count of unlawful possession of ammunition by a felon, and one count of unlawful possession of methamphetamine in Warren County case No. 23-CF-122; one count of unlawful delivery of methamphetamine in Warren County case No. 23-CF-118; and one count of unlawful delivery of methamphetamine and one count of armed violence in Warren County case No. 23-CF-119.

¶ 4        On the same date, pursuant to section 110-6.1 the Code (725 ILCS 5/110-6.1 (West 2022)), the State filed a verified petition seeking to deny pretrial release in case No. 23-CF-122, alleging the commission of a forcible felony for which defendant was not eligible for probation and contending defendant's pretrial release "poses a real and present threat" under subsection 110-6.1(a)(1) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2022)). Although the State filed its petition for only one of the three case numbers, we observe the parties and the circuit court considered the charges and facts surrounding all three cases.

¶ 5        The matter then proceeded to a timely hearing on the State's verified petition, per the Code's requirements. In support of its petition, the State alleged defendant, on two separate occasions, sold methamphetamine to a confidential source who, following the purchases, informed police of additional methamphetamine and weapons being kept in defendant's garage. Further, "[t]here had been surveillance done at the time that these controlled buys were conducted[,] and they were conducted at that location." A search warrant executed at defendant's residence produced "a loaded 9[-]millimeter Taurus handgun, [a] .22 Stevens rifle," eight "magazines of different calibers, *** a digital scale consistent with the type that's used to weigh drugs for sale,

[and] various drug packaging materials." Police also found "a Vaseline container *** concealing some methamphetamine," a "tool bag" containing "various ammunition including 9[-]millimeter and .22 ammunition," a spent cartridge case, another digital scale, and a "plastic tray containing methamphetamine and some unlabeled pills." The State also noted defendant's criminal history "in both Iowa and Illinois," which included "at least one conviction for an assaultive-type offense" and "controlled substance violations." Finally, the risk assessment tool utilized by pretrial services indicated defendant scored as a "moderate high risk for not appearing at future court appearances and to reoffend."

¶ 6    The circuit court entered an order denying pretrial release, finding defendant was charged with a detainable offense, he posed a real and present threat to the safety of the community, and no condition or combination of conditions could mitigate that threat. The court also found defense counsel "was given an adequate opportunity to confer in private with the Defendant prior to the Initial Appearance pursuant to 725 ILCS 5/109-1(g)." The court's written order articulated specific reasons for the decision, namely the "multiple firearms, ammunition, and deliveries of methamphetamine in a short period of time," and the fact that "[d]efendant showed a firearm to a confidential source at or around [the] time of methamphetamine delivery." Defendant filed a notice of appeal immediately thereafter. The Office of the State Appellate Defender has elected to file a notice in lieu of an Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) memorandum.

¶ 7                                    II. ANALYSIS

¶ 8    Utilizing the form approved for Rule 604(h) appeals by defendants, defendant's claim of error consisted of a checked box on the six-page form notice of appeal, asserting "[t]he State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or

- 3 -

persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight." Although it provided additional space for elaboration, defendant made no further reference to the record or the facts presented at the hearing or through exhibits, made no additional argument, and cited no authority in support of his claim.

¶ 9        The State's memorandum in response argued the circuit court's findings and written order complied with the Code in every respect. For example, the State contended that after finding "clear and convincing evidence" defendant committed a qualifying offense under section 110-6.1 of the Code, the court properly entered a written order directing defendant to be committed to custody pending trial as required by subsection 110-6.1(h)(1) (725 ILCS 5/110-6.1(h)(1) (West 2022)). In doing so, the court considered the relevant factors included in subsection 110-6.1(g) of the Code (725 ILCS 5/110-6.1(g)(1)-(9) (West 2022) (whether a defendant poses a real and present threat to the safety of any person or persons or the community, based upon the specific articulable facts of the case)). The State's memo further contended the court then properly considered the factors required by subsections 110-6.1(a)(1)-(7) of the Code (725 ILCS 5/110-6.1(a)(1)-(7) (West 2022)) and cited specific articulable facts before concluding less restrictive conditions other than detention would not avoid a real and present threat to the safety of the community.

¶ 10        According to our supreme court, the Act ushered in a new reality for pretrial release. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 39 n.3. The new provisions of the Code, however, cannot function independently from the larger, longstanding body of law governing appeals. We address as a matter of first impression the language and application of the provisions of the Code, as amended by the Act, relating to pretrial detention and appeals therefrom, particularly the standard of review and appellate procedure. We have historically reviewed bail appeals under Illinois Supreme Court Rule 604(c)(1) (eff. Sept. 18, 2023) using an abuse of discretion standard. *People*

*v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. "An abuse of discretion occurs when the circuit court's decision is 'arbitrary, fanciful or unreasonable,' or where 'no reasonable person would agree with the position adopted by the [circuit] court.' " *Simmons*, 2019 IL App (1st) 191253, ¶ 9 (quoting *People v. Becker*, 239 Ill. 2d 215, 234, 940 N.E.2d 1131, 1142 (2010)); see *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8, 147 N.E.3d 756 ("We will review the decision of the [circuit] court [on a motion for review under Rule 604(c)] for an abuse of discretion.").

¶ 11 Rule 604(h), as amended due to the Act, provides a new procedure for these appeals. See Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023). But the Act neither mandates nor suggests a different standard of review. A defendant appealing under Rule 604(h) may claim the State failed to fulfill its burden by "clear and convincing evidence." See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023). However, we are not reviewing the State's evidence anew. Instead, we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion. "[W]e will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of the witnesses." *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393. Under the Code, the circuit court was invested with the responsibility to consider the various factors listed in section 110-6.1(g) (real and present danger), as well as those in section 110-6.1(a)(1)-(8) (feasibility of less restrictive conditions) before finding detention to be appropriate. "[I]n reviewing the circuit court's ruling for an abuse of discretion, we will not substitute our judgment for that of the circuit court, 'merely because we would have balanced the appropriate factors differently.' " *Simmons*, 2019 IL App (1st) 191253, ¶ 15 (quoting *People v. Cox*, 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547 (1980)).

¶ 12 Turning to appellate procedure, the tension between Rule 604(h) and Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) is evident. Rule 341 instructs the parties on their

procedural burdens on appeal, yet the truncated procedure here does not provide for briefing, which would then require defendants to assert facts from the record they contend support their claims (see Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020)), as well as require cogent argument, including " 'citation of the authorities and pages of the record relied on.' " *People v. Macias*, 2015 IL App (1st) 132039, ¶ 88, 36 N.E.3d 373 (quoting Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008)). As a matter of practicality, Rule 341 cannot govern here, but we should not ignore the principles producing the rule—namely, coherent argument and analysis supported by proper record citations and legal authorities. Even the new Rule 604(h) requires the notice of appeal to include a description of the relief to be requested "*and the grounds for the relief requested.*" (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). This would appear to mean some form of argument is required, along with justification for claiming entitlement to relief—like references to the record, the evidence presented, or, if possible, legal authority.

¶ 13        Unlike Rule 604(c) appeals from bail orders entered before conviction (which governed before the Act), Rule 604(h) has no requirement for a defendant to "present to the [circuit] court a written motion for the relief sought on appeal" (see Ill. S. Ct. R. 604(c) (eff. July 1, 2017)). This change denies the court an opportunity to create a full and complete record on the issue to be sent to the appellate court for review. Further, under a Rule 604(c) appeal, the motion for review was required to contain everything that transpired before the court on the motion, necessarily including the arguments made before the court (Ill. S. Ct. R. 604(c)(1) (eff. July 1, 2017)) and contain arguments supporting the motion on appeal (Ill. S. Ct. R. 604(c)(2)(v) (eff. July 1, 2017)). The loss of Rules 341 and 604(c), coupled with the new Rule 604(h), creates a demonstrably different process. Yet, even under the unique circumstances created by the Act, we cannot be expected to formulate an argument for defendant out of whole cloth, and we decline to

do so. There is a well-established principle: "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive legal argument presented. The appellate court is not a depository in which the appellant may dump the burden of argument and research." (Internal quotation marks omitted.) *Macias*, 2015 IL App (1st) 132039, ¶ 88. By this we do not mean to say a memorandum as described in Rule 604(h)(2) is required or expected in every case. However, it is reasonable to conclude the Illinois Supreme Court, by approving the notice of appeal form, expects appellants to at least include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box. Even without the application of Rule 341, we doubt Rule 604(h) now requires the appellate court to act as an advocate or seek error on the appellant's behalf—something heretofore expressly forbidden. See *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459, 920 N.E.2d 515, 535 (2009) (citing *Obert v. Saville*, 253 Ill. App. 3d 677, 682, 624 N.E.2d 928, 931 (1993)).

¶ 14        Turning now to defendant's claim, which he couched simply in the conclusory language of the Code, we observe he points to no evidence in the record upon which we are to evaluate his claim, and he fails to present any legal argument or authority in support of his claim. We are therefore left with the record itself. We presume the circuit court knows, follows, and applies the law, unless the record affirmatively rebuts that presumption. See *People v. McCauley*, 2013 IL App (4th) 110103, ¶ 118, 984 N.E.2d 185. We find nothing in this record to rebut that presumption.

¶ 15        We note defendant does not contest the circuit court's finding he was charged with a detainable offense or the proof was evident, or the presumption great, that he committed the offenses. Nor does he contest the court's finding that he posed a real and present threat to the safety of a person, persons, or the community. Rather, he asserts only that the State failed to establish by

"clear and convincing evidence" that there were no less restrictive conditions or combinations of conditions that would either mitigate the threat or prevent his flight.

¶ 16        After a full hearing, with defendant and appointed counsel present in person, the circuit court found defense counsel "was given an adequate opportunity to confer in private with the Defendant prior to the Initial Appearance pursuant to 725 ILCS 5/109-1(g)." The court's order met the requirements of section 110-6.1 of the Code in that, based on the specific articulable facts presented, (1) the court found defendant was charged with detainable offenses and the proof was evident or presumption great defendant committed the offenses (see 725 ILCS 5/110-6.1(a)(1)-(8) (West 2022)), (2) defendant posed a real and present threat to the safety of persons or the community (see 725 ILCS 5/110-6.1(e)(2) (West 2022)), (3) no conditions or combination of conditions under subsection 110-10(b) of the Code (725 ILCS 5/110-10(b) (West 2022)) could mitigate the real and present threat (see 725 ILCS 5/110-6.1(e)(3) (West 2022)), and (4) the court entered written findings that pretrial detention should be denied because less restrictive conditions would not avoid that threat (see 725 ILCS 5/6.1(h)(1) (West 2022)).

¶ 17        Because the circuit court complied with the requirements of the Code and made all necessary findings, based on this record, we find no reason to conclude the court's decision was "arbitrary, fanciful, or unreasonable." (Internal quotation marks omitted.) *Simmons*, 2019 IL App (1st) 191253, ¶ 9. Moreover, the court provided specific, articulable facts for its decision. Defendant was charged with two Class 2 felony methamphetamine deliveries over a short period of time, a Class 3 possession of the same substance, three Class 3 felony firearm possession charges, and a Class X armed violence charge that, under defendant's circumstances, carried a minimum 15-year sentence. A search of defendant's residence, pursuant to a search warrant, revealed evidence of drugs and drug trafficking, as well as the firearms for which he was charged.

Defendant's criminal history included offenses in both Iowa and Illinois and prior drug offenses, and he was facing "at least two separate non-probationable offenses" according to the State's proffer. On the risk assessment tool utilized by pretrial services, defendant scored as a "moderate high risk for not appearing at future court appearances and to reoffend." Accordingly, we do not find the court's conclusion the State met its burden by clear and convincing evidence to be one where "no reasonable person would agree with the position adopted by the [circuit] court." *Becker*, 239 Ill. 2d at 234. The court's procedural compliance with the requirements of the Code and its written findings and conclusions were not "arbitrary, fanciful or unreasonable." (Internal quotation marks omitted.) *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 18                                    III. CONCLUSION

¶ 19          For all these reasons, we affirm the circuit court's order and remand the cause for further proceedings.

¶ 20          Affirmed; cause remanded.

*People v. Inman*, 2023 IL App (4th) 230864

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Warren County, No. 23-CF-122; the Hon. Nigel D. Graham, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and David C. Holland, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield (Sam C. Mitchell, of Sam C. Mitchell & Associates, of West Frankfort, of counsel), for the People. |