NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230836-U

NO. 4-23-0836

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 29, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Scott County |
| SHANNA SMITH, | ) | No. 23CF7 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | David R. Cherry, |
| | ) | Judge Presiding. |

---

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, finding the trial court's order denying pretrial
release was not an abuse of discretion.

¶ 2     Defendant, Shanna Smith, appeals the trial court's order denying her pretrial

release pursuant to the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq.*

(West 2022)) as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the

Pretrial Fairness Act. Defendant contends:

"The State failed to meet its burden of proving by clear and convincing evidence

that no condition or combination of conditions can mitigate the real and present

threat to the safety of any person or persons or the community, based on the

specific, articulable facts of the case, or defendant's willful flight."

We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            On May 30, 2023, defendant was charged by information as follows:  aggravated unlawful delivery of methamphetamine (720 ILCS 646/55(b)(1)(C) (West 2022)) (count I); unlawful delivery of methamphetamine (*id.* § 55(a)(1)) (count II); unlawful possession of methamphetamine (*id.* § 60(a)) (count III); and unlawful use of property (*id.* § 35(a)) (count IV). A detention hearing was held wherein defendant was appointed the services of the public defender's office and bond was set. On August 30, 2023, private counsel entered an appearance on behalf of defendant. On September 8, 2023, defendant posted bond in the amount of $100,000.

¶ 5            On September 18, 2023, the State filed a verified petition to deny defendant pretrial release, stating defendant was charged with a felony offense that carried a sentence of imprisonment without probation and defendant's pretrial release posed a real and present threat to the safety of any person or the community. That same day, a hearing was held on the State's petition to deny defendant pretrial release.

¶ 6            James Bettis of the Morgan County Sheriff's Office and Illinois State Police Central Illinois Enforcement Group testified he initially became familiar with defendant after a traffic stop in November 2022, wherein 20.5 grams of suspected methamphetamine was discovered in her possession. Defendant was subsequently arrested. An investigation into defendant began in which the Illinois State Police Task Force conducted three successful controlled purchases of methamphetamine from defendant. The first controlled purchase occurred in March 2023 in Jacksonville, Illinois, for 4.5 grams of suspected methamphetamine. A second controlled purchase occurred in mid-May 2023 at defendant's residence in Manchester, Illinois, for a half ounce of suspected methamphetamine. A third controlled purchase occurred in

late May 2023 for 1.9 grams of suspected methamphetamine. A search warrant was executed on defendant's home on May 26, 2023, wherein 51.6 grams of suspected methamphetamine was seized.

¶ 7         Kaylie Stowe, a pretrial service officer for Scott County, testified she prepared a pretrial investigation report for defendant. Stowe stated defendant's criminal history showed she was placed on first-offender probation for a Morgan County case. The rest of defendant's criminal history consisted of traffic related offenses. A petition to revoke defendant's first-offender probation had been filed in Morgan County. Defendant indicated she had been self-employed as a house cleaner for the past two years but could not provide details of any clients or an established work schedule. Defendant reported using methamphetamine for the past two and a half years.

¶ 8         Defendant testified, after her release on bond, she set up a mental evaluation and intended to seek counseling. Defendant performed daily drug screenings and established a place where she intended to enter drug rehabilitation treatment. She had not failed to appear at any court appearances. She stated she had been complying with the juvenile court case involving her daughter. On cross-examination, defendant stated her daughter's father was incarcerated in Colorado. She stated she had been to Colorado once to visit him. Defendant denied selling methamphetamine. She stated she had agreed to cooperate with law enforcement, which included driving through Jacksonville with an officer to identify various "drop locations." Defendant denied keeping drugs in her home but stated they were kept in her garage. She denied surveillance cameras outside of her home were related to selling methamphetamine. She also denied telling officers on the day her home was searched that she was a drug dealer.

¶ 9 Following the hearing, the trial court entered an order denying defendant pretrial release. The court appointed the Office of the State Appellate Defender (OSAD) for the purpose of appealing defendant's denial of pretrial release. That same day, defendant filed a notice of appeal of the court's order. On September 21, 2023, the trial court *sua sponte* filed an order stating it did not find defendant indigent and revoked the order appointing OSAD.

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 Defendant did not file a memorandum of law in support of her appeal. The State's memorandum argues the trial court's findings and written order complied with the Code. The State contends we must review the court's findings under the manifest weight of the evidence standard and the court's ultimate decision to deny pretrial release under the abuse of discretion standard. "However, we are not reviewing the State's evidence anew. Instead, we are reviewing the [trial] court's evaluation of that evidence for an abuse of discretion." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. Therefore, we will apply the abuse of discretion standard for defendant's claims of error. A trial court's decision amounts to an abuse of discretion when its decision is arbitrary, fanciful, or unreasonable, or, as alternatively stated, where no reasonable person would agree with the position adopted by the trial court. *Id.* ¶ 10.

¶ 13 Defendant used a court-approved notice of appeal form for Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) appeals that provided defendant the opportunity to check a box for a claimed error. On the form, defendant checked five boxes. The first three boxes checked by defendant asserted the State failed to meet its burden at the hearing by clear and convincing evidence. The fourth box checked by defendant claims the trial court erred in its decision. The fifth box checked by defendant is "Other."

¶ 14　　　　Although each claimed-error box checked by defendant provided space for elaboration, defendant only provided further elaboration of her claims under the boxes asserting "The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight" and "Other." Under the claimed error the State failed to meet its burden, defendant wrote:

> "State opined that because [defendant] shares a minor child with a man incarcerated in the State of Colorado that that definitively means [defendant] would take the child from its current [Department of Children and Family Services (DCFS)] placement and flee to Colorado and never be able to be found 'in the mountains' like she's Gollum or something. [The State] could articulate no specific ties that [defendant] has to Colorado or Chile or the Planet Neptune that could be construed as showing by even a preponderance of the evidence that she would flee the jurisdiction."

Under "Other," defendant wrote:

> "[Defendant's] father posted [$100,000] to secure her release a week before the [trial court's denial of pretrial release]. Undersigned counsel transmitted to [the State] via electronic mail daily, observed clean drug drops that were provided by [defendant]. [Defendant] was named in no new police reports in her time out on bond. She was never alleged to have violated the terms of her cash bond. [Defendant] never missed any court dates in her time out on cash bond. [Defendant] has no adult criminal history outside of traffic tickets."

¶ 15       While defendant, by checking boxes, claims five errors occurred, we cannot say

"Other" is a legally cognizable claim of error, nor can we say three of defendant's four

remaining claims of error, where she provides nothing other than the conclusory language of the

Code itself, constitute argument on appeal. "A reviewing court is entitled to have the issues on

appeal clearly defined with pertinent authority cited and a cohesive legal argument presented.

The appellate court is not a depository in which the appellant may dump the burden of argument

and research." (Internal quotation marks omitted.) *Id.* ¶ 13.

¶ 16       Defendant provided additional commentary under "Other," but the commentary

neither clearly defines the issue nor makes the basis for evaluating defendant's comments clear

from the record. That is, defendant's comments under "Other" do not offer an explanatory

analysis that affirmatively rebuts the trial court's order denying pretrial release. "We presume the

[trial] court knows, follows, and applies the law, unless the record affirmatively rebuts that

presumption." *Id.* ¶ 14.

¶ 17       Therefore, we are left with defendant's sole claim of error asserting, "The State

failed to meet its burden of proving by clear and convincing evidence that no condition or

combination of conditions can mitigate the real and present threat to the safety of any person or

persons or the community, based on the specific, articulable facts of the case, or defendant's

willful flight." Defendant essentially contends the State's argument at the hearing that defendant,

upon release, would flee to Colorado was not based on specific, articulable facts sufficient to

support the trial court's findings. The statute at issue provides the trial court must summarize its

> "reasons for concluding that the defendant should be denied pretrial release,
> including why less restrictive conditions would not avoid a real and present threat
> to the safety of any person or persons or the community, based on the specific

articulable facts of the case, *or* prevent the defendant's willful flight from prosecution." (Emphasis added.) 725 ILCS 5/110-6.1(h)(1) (West 2022). Defendant's contention on appeal only addresses willful flight.

¶ 18     When interpreting a statute, a reviewing court's primary objective is to ascertain and give effect to the intent of the legislature. *People v. Webb*, 2019 IL 122951, ¶ 17. The most reliable way we can do so is by giving the language of the statute its plain and ordinary meaning. *Id.* The word "or" is generally disjunctive and its plain and ordinary meaning "connotes two different alternatives." *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 145 (2006). Thus, the trial court's reasons for denying pretrial release needed to show why less restrictive conditions would not avoid a real and present threat to the safety of, in this case, the community based on the specific articulable facts of this case *or* the court's reasons for denying pretrial release to prevent defendant's willful flight from prosecution.

¶ 19     The trial court did not make any specific findings regarding the State's argument that defendant could flee to Colorado upon release. Rather, the court noted two of defendant's charges are Class X offenses without the possibility of probation and that defendant "sold drugs in the community even after 2 arrests and losing her child to DCFS, only stopp[ing] after [her] arrest." Defendant provides no cohesive legal argument contending the trial court's findings pertaining to why less restrictive conditions would not avoid a real and present threat to the community based on the specific articulable facts of this case amount to an abuse of discretion. "[A reviewing court] cannot be expected to formulate an argument for defendant out of whole cloth, and we decline to do so." *Inman*, 2023 IL App (4th) 230864, ¶ 13.

¶ 20     Our review of the record shows defendant was charged with detainable offenses pursuant to the Code. 725 ILCS 5/110-6.1(a)(1) (West 2022). Defendant does not challenge the

timeliness or contents of the State's petition or the hearing itself. The trial court provided a written finding summarizing its reasons for concluding defendant should be denied pretrial release as required by the Code. *Id.* § 110-6.1(h)(1). Defendant provides this court with no basis for holding the trial court's written findings and conclusions were arbitrary, fanciful, or unreasonable. Therefore, we find the trial court's denial of defendant's pretrial release was not an abuse of discretion.

¶ 21                                    III. CONCLUSION

¶ 22            For the reasons stated, we affirm the trial court's order and remand the cause for further proceedings.

¶ 23            Affirmed; cause remanded.