NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230803-U

NO. 4-23-0803

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 7, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| BLAINE E. HENLEY, | ) | No. 23CM1758 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Tamika R. Walker, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not abuse its discretion in imposing conditions on
defendant's pretrial release.

¶ 2    Defendant, Blaine E. Henley, appeals the circuit court's order imposing

conditions on his pretrial release under article 110 of the Code of Criminal Procedure of 1963

(Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff.

Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act

(Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act);

*Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023).

Defendant argues the court erroneously concluded the conditions of release are (1) the least

restrictive conditions necessary to reasonably ensure defendant would appear in court and the

safety of any other person and (2) necessary to ensure defendant does not commit any criminal

offense. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4              On August 30, 2023, the State charged defendant with the offense of disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2022)). According to the charge, defendant "knowingly acted in such an unreasonable manner as to alarm and disturb Jennifer Smith and provoke a breach of the peace, in that said defendant, in a heavily intoxicated state, attempted to enter [Smith's] residence by repeatedly, violently banging on the windows." Bail was set for $100. Defendant was ordered to appear on the charges on September 18.

¶ 5              On September 18, 2023, a status hearing was held. At that hearing, the State requested, as a condition of defendant's release, defendant be barred from contacting Smith and being at her residence. Defendant objected to the State's request, arguing he lived at that same residence and "for the purposes of communication and notice in order to get his presence here in court," the order of no contact at that address was inappropriate. After the circuit court clarified defendant was not on the mortgage or a lease, defendant informed the court the two lived together. The court ordered, as a condition of bond, "Defendant shall have no contact, directly or indirectly (in person, telephone, text, email, social media, notes, through a [third] person or any other mode or means) with [Smith and her address] and Defendant shall not come within 300 feet of her/him or their residence."

¶ 6              Defendant filed notice of appeal. On the preprinted notice of appeal, defense counsel checked two boxes to indicate defendant's claims. Counsel checked the box asserting "[t]he conditions of release imposed are not the least restrictive conditions or combination of conditions necessary to reasonably ensure the appearance of the defendant as required or the safety of any other person or persons or the community." Counsel also checked the box asserting

"[t]he conditions of release are not necessary to ensure the defendant's appearance in court, ensure the defendant does not commit any criminal offense, [or] ensure the defendant complies with all conditions of pretrial release." Defendant provided no additional argument or information on the preprinted lines below each allegation.

¶ 7                                    II. ANALYSIS

¶ 8          For defendant's appeal, the circuit court appointed the Office of the State Appellate Defender (OSAD) to represent defendant. OSAD elected not to file a memorandum under Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023). We are, therefore, left with defense counsel's conclusory assertions and no explanation as to how the court erred in ordering the conditions on defendant's pretrial release.

¶ 9          We review bail appeals under Rule 604(h) under the abuse-of-discretion standard. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. A circuit court's decision is not an abuse of discretion unless we find that decision is unreasonable, fanciful, or arbitrary or determine no reasonable person would agree with the court's position. *Id.* ¶ 10.

¶ 10          When a person is released before a conviction, there are mandatory conditions imposed on that person, such as he or she must not commit a crime (725 ILCS 5/110-10(a)(4) (West 2022)) and must appear in court as ordered (*id.* § 10(a)(1)). Section 10(b) of the Code (*id.* § 110-10(b)) authorizes a circuit court to set additional conditions of release when it is determined such conditions are necessary to ensure, among other things, the defendant does not commit a criminal offense or the defendant will comply with the conditions of release. Such conditions must be "the least restrictive means." *Id.* Section 10(b)(3) permits the court to order the condition the defendant "[r]efrain from approaching or communicating with particular persons or classes of persons." *Id.* § 10(b)(3). Section 10(b)(4) authorizes the court to bar

defendant "from going to certain described geographic areas." *Id.* § 10(b)(4).

¶ 11 Based on our review of the evidence in the record and the absence of any argument, we cannot find the circuit court erred in imposing the condition of no contact with Smith or being at her address. Defendant was charged with disorderly conduct, wherein he, while "heavily intoxicated," acted in a threatening manner to Smith, with whom he resided. Given these allegations, the decision to impose the additional conditions was not arbitrary, fanciful, or unreasonable.

¶ 12                                III. CONCLUSION

¶ 13 We affirm the circuit court's judgment.

¶ 14 Affirmed.