NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 230918-U

NO. 4-23-0918

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 15, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| KAITLYNN R. RUSSELL, | ) | No. 22CF602 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court abused its discretion in granting the State's verified petition to deny defendant pretrial release.

¶ 2    Defendant, Kaitlynn R. Russell, appeals the circuit court's order denying her pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). Defendant argues the court abused its discretion in finding the State proved by clear and convincing evidence she

posed a real and present threat to the safety of any person or the community that could not be mitigated by a condition or combination of conditions of pretrial release. We agree and reverse and remand.

¶ 3                                     I. BACKGROUND

¶ 4            On June 15, 2022, defendant was charged with multiple counts for the death of a two-year-old child that occurred while the child was in defendant's care. The charges included four counts of endangering the life or health of a child (720 ILCS 5/12C-5 (West 2022); *id.* § (a)(2)), and two counts of reckless conduct (*id.* §§ 12-5(a)(1), (2)). According to the charges, defendant failed to supervise the child and failed to seek prompt medical treatment after discovering the child face down in a bathtub.

¶ 5            Six days later, the circuit court set bond for defendant at $500,000.

¶ 6            In December 2022, defendant filed a request for pretrial release under the Act. Defendant asserted none of the charged offenses were detainable offenses under section 6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). Defendant further asserted there were no risk factors that would "give cause for continued detention."

¶ 7            On September 18, 2023, the State filed a verified petition to deny defendant pretrial release. In its petition, the State sought defendant's continued detention based on section 6.1(a)(6) of the Code (*id.* § 6.1(a)(6)) in that defendant was charged with felony child endangerment and the State maintained defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community. The State listed the following as the factual basis in support of its petition:

>        "[O]n or about January 12, 2022, *** the defendant *** was
>
>        babysitting 2 year old P.G. at the defendant's home. That while in

the care of defendant, P.G. was found in a bathtub filled with water. The defendant eventually drove the minor to the hospital where she was ultimately declared deceased after life-saving measures were attempted. During the course of the investigation, the defendant gave multiple versions of events leading up to P.G. being presented to the hospital. However, the defendant admitted that she was not supervising the child and did not realize she had gotten into the bathtub filled with water. An autopsy was performed and Dr. Patterson opined that the cause of death was drowning while left unattended."

According to the State, it was aware of no criminal history of defendant.

¶ 8        A hearing was held that day on the State's petition. At the hearing, the circuit court initially asked defendant if she wanted to proceed on the motion for pretrial release she filed in December 2022 under the Act when an order to detain her would foreclose any "way to bond out." Defendant stated she wanted to proceed with her motion for pretrial release.

¶ 9        In support of its petition, the State noted there were other children in defendant's home when the victim drowned, as defendant was also babysitting others. The State alleged, based on the felony offense and the fact a child died while in her care, defendant posed a serious threat to "children in the community if [she] were ever to find herself in a supervisory role of them."

¶ 10        Defense counsel countered the State had the burden of proving by clear and convincing evidence no other condition of release or combination of conditions could mitigate the risk posed. Counsel argued defendant had been a resident of the community for quite some

time and had "little to [no]" criminal history and the circuit court could place conditions restricting defendant's access to children. Defense counsel argued this is not an instance where her "client [was] going out on the street and taking children and watching them."

¶ 11    At the conclusion of the hearing, the circuit court granted the State's petition, finding "by clear and convincing evidence that the dangerousness standard has been met." The court relied on the "nature and circumstances of the offense charged[ ] [and] the age of the victim or complaining witness." Defendant was remanded to the custody of the sheriff and the trial date was set for March 2024.

¶ 12    This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14    On appeal, defendant argues the circuit court abused its discretion by finding she poses a real and present threat to the safety of any persons or the community, in that the State presented no evidence or argument showing defendant was a real and present threat to anyone's safety. Defendant further argues the State failed to prove by clear and convincing evidence that threat could not be mitigated by a condition or combination of conditions of pretrial release.

¶ 15    The Code presumes all defendants are eligible for pretrial release with conditions. "[A] defendant is entitled to release on personal recognizance on the condition that the defendant attend all required court proceedings and the defendant does not commit any criminal offense, and complies with all terms of pretrial release ***." 725 ILCS 5/110-2(a) (West 2022). A circuit court may deny pretrial release only when a defendant is charged with an offense set forth in section 110-6.1 of the Code and after a hearing under that same section. *Id.*

¶ 16    Before pretrial release may be denied under section 110-6.1(a), the State must prove by clear and convincing evidence "the defendant poses a real and present threat to the

- 4 -

safety of any person or persons or the community, based on the specific articulable facts of the case \*\*\*" and "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community." *Id.* § 6.1(e)(2), (3)(i). Factors to be considered by a circuit court in determining dangerousness include the following:

> "(1) The nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense.

> (2) The history and characteristics of the defendant including:

> (A) Any evidence of the defendant's prior criminal history indicative of violent, abusive or assaultive behavior, or lack of such behavior. \*\*\*

> (B) Any evidence of the defendant's psychological, psychiatric or other similar social history which tends to indicate a violent, abusive, or assaultive nature, or lack of any such history.

> (3) The identity of any person or persons to whose safety the defendant is believed to pose a threat, and the nature of the threat.

> (4) Any statements made by, or attributed to the defendant, together with the circumstances surrounding them.

> (5) The age and physical condition of the defendant.

> (6) The age and physical condition of any victim or

complaining witness.

> (7) Whether the defendant is known to possess or have access to any weapon or weapons.

> (8) Whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release \*\*\*.

> (9) Any other factors \*\*\* deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." *Id.* § 110-6.1(g).

¶ 17    We review a decision denying pretrial release under the Act under an abuse-of-discretion standard. See *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. This court will find an abuse of discretion occurred when we find the decision regarding pretrial release is unreasonable, arbitrary, or fanciful or when we find no reasonable person would agree with the circuit court's decision. *Id.* ¶ 10.

¶ 18    We find the circuit court's decision to detain defendant to be an abuse of discretion. The State's evidence falls far short of the clear-and-convincing standard. There are no "specific articulable facts" (725 ILCS 6.1(g) (West 2022)) showing defendant to be a danger to children or the community. The only allegation showing she may be such a threat is the State's acknowledgement at the detention hearing she would be a danger "*if*" (emphasis added) children were placed in her care. However, as defense counsel argued before the circuit court, such danger could be mitigated by a condition of release, such as an order barring her from providing childcare. The State has presented no evidence showing this condition would not mitigate the

general alleged threat to the community. There is no evidence defendant has failed to comply with similar conditions in the past. The State's own verified petition indicates it is not aware of any criminal history for defendant. As there is no evidence, much less clear and convincing evidence, establishing "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community" (725 ILCS 5/110-6.1(e) (3)(i) (West 2022)), the detention order is an abuse of discretion.

¶ 19                           III. CONCLUSION

¶ 20          We reverse the circuit court's judgment and remand for a hearing to determine conditions for defendant's pretrial release.

¶ 21          Reversed and remanded.