2024 IL App (4th) 230948-U

NOS. 4-23-0948, 4-23-0949, 4-23-0950, 4-23-0951, 4-23-0952, 4-23-0953, 4-23-0954, 4-23-0956, 4-23-0957, 4-23-0958, 4-23-0959 cons.

<table>
<tr><td>
NOTICE<br>
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).
</td><td>

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

</td><td>

FILED<br>
January 4, 2024<br>
Carla Bender<br>
4th District Appellate Court, IL
</td></tr>
</table>

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| STEPHEN DOUGLAS PETERS JR., | ) | Nos. 21DT237 |
| Defendant-Appellant. | ) | 21CM554 |
| | ) | 21CF894 |
| | ) | 21TR5753 |
| | ) | 21TR5754 |
| | ) | 21TR5755 |
| | ) | 21TR5756 |
| | ) | 21TR5757 |
| | ) | 22CM299 |
| | ) | 22CF364 |
| | ) | 22CM1470 |
| | ) | |
| | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Philip J. Nicolosi, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Turner and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, finding the trial court's order revoking pretrial release was not an abuse of discretion.

¶ 2     Defendant, Stephen Douglas Peters Jr., appeals the trial court's order revoking his pretrial release pursuant to the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq.*) (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known

as the Pretrial Fairness Act. Defendant argues the trial court's finding that a secured continuous remote alcohol monitoring (SCRAM) bracelet would not reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor was against the manifest weight of the evidence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was on pretrial release for the following pending cases: driving under the influence of alcohol, a Class A misdemeanor (Winnebago County case No. 21-DT-237); causing a child to be endangered, a Class A misdemeanor (Winnebago County case No. 21-CM-554); criminal damage to government supported property, a Class 3 felony (Winnebago County case No. 21-CF-894); aggravated domestic battery by strangulation, a Class 2 felony (Winnebago County case No. 22-CF-364); violation of bail bond, a Class A misdemeanor (Winnebago County case No. 22-CM-299); and resisting a peace officer, a Class A misdemeanor (Winnebago County case No. 22-CM-1470). On September 15, 2023, while on pretrial release, defendant was charged with aggravated assault, a Class A misdemeanor (720 ILCS 5/12-2(c)(1) (West 2022)) in Winnebago County case No. 23-CM-1901. On September 22, 2023, the State filed a petition to revoke defendant's pretrial release citing his pending cases and the newly charged aggravated assault, and it argued no condition or combination of conditions of release would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. A hearing on the State's petition was held on September 25, 2023.

¶ 5        At the hearing, the State summarized a brief history of defendant's pending matters. In March 2019, defendant was arrested for driving under the influence. At the time of his arrest, defendant had his child in the vehicle. The child was not in a child restraint, which led

to the child endangerment charge. While in the back seat of a police car following his arrest for driving under the influence, defendant damaged a window and window frame of the police vehicle, leading to him being charged with criminal damage to government supported property. In February 2022, defendant was charged with aggravated domestic battery for strangling his cousin. A couple weeks later, defendant was charged with violating his bail bond condition of no contact with his cousin when he texted her. In September 2022, defendant was in an altercation with a minor wherein a witness described defendant as "drunk and confrontational." When police made contact with him, he refused to obey lawful orders, leading to his resisting-a-peace-officer charge.

¶ 6 On September 15, 2023, the State proffered Janessa Zimmerman was at the home of her boyfriend, Andre Carter, where defendant resides, when defendant, who was intoxicated, entered her room. Zimmerman told defendant to leave. Defendant later returned with a knife and began swinging the knife at Carter "four to five times." Zimmerman called the police. Defendant became angrier and threatened to kill Zimmerman. Defendant swung the knife at Zimmerman, but Carter stepped in between them, and defendant dropped the knife. Carter corroborated Zimmerman's version of events.

¶ 7 Regarding defendant's previous history of court appearances, the State noted defendant has had "two or more" previous failures to appear. Defendant rebutted that all of the previous bench warrants after 2010 were recalled by the court. Additionally, there were no prior petitions to revoke probation or court supervision for defendant's prior cases.

¶ 8 Defendant argued the State had not met its burden by clear and convincing evidence that no conditions or combination of conditions of bond would ensure defendant would appear for court or prevent him from being charged with a subsequent Class A misdemeanor or

- 3 -

felony. Defendant also offered that the trial court could require him to wear a SCRAM device as a new condition of pretrial release.

¶ 9 The trial court noted defendant had posted bond on four separate charges over the past two years. Each bond sheet indicated defendant was not to violate any criminal statute of any jurisdiction. Defendant's pretrial risk assessment indicated he was "Moderate/High Risk." The court stated defendant had 15 bench warrants issued for failures to appear. The court found the State had met its burden by clear and convincing evidence.

¶ 10 The trial court revoked defendant's pretrial release and amended defendant's conditions to include reporting to pretrial services, obtaining an alcohol and drug evaluation, and having no contact with any alleged victims in any of his pending cases.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 On appeal, defendant argues the trial court's finding that SCRAM would not reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor was against the manifest weight of the evidence.

¶ 14 Regarding the standard of review, defendant contends we should find the court's ruling to be against the manifest weight of the evidence but that is not our standard of review. On appeal, "we are not reviewing the State's evidence anew. Instead, we are reviewing the [trial] court's evaluation of that evidence for an abuse of discretion." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. Therefore, we will apply an abuse of discretion standard. An abuse of discretion occurs when the decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the court's position. *Id.* ¶ 10.

¶ 15 Section 110-6(a) of the Code states:

"When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022).

¶ 16 Here, defendant was previously charged with criminal damage to government supported property and aggravated domestic battery, both felonies, and defendant's remaining pending cases were all Class A misdemeanors. Defendant posted bond on several of these cases. While on pretrial release, defendant was charged with a subsequent Class A misdemeanor for aggravated assault. 720 ILCS 5/12-2(c)(1) (West 2022).

¶ 17 Defendant argues the impetus for the State's petition from its proffer involves his alcohol consumption, which led to his alleged violent behavior. Based on the State's arguments at the hearing, defendant contends the State offered no arguments or evidence and the trial court did not explicitly address whether SCRAM could reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 18 We find defendant's arguments unpersuasive. As defendant notes in his memorandum to this court, SCRAM cannot physically prevent him from drinking, nor from committing new offenses. SCRAM can only alert law enforcement when defendant has been drinking alcohol. Additionally, defendant's pretrial release conditions were not that he refrain from drinking alcohol but that he not violate any criminal statute of any jurisdiction. Defendant, while on pretrial release, continued to be charged with new offenses, including the most recent aggravated assault, which was the basis for the State's petition to revoke his pretrial release.

¶ 19 Furthermore, nothing in section 110-6(a) required the trial court to explicitly address or provide specific reasons for rejecting defendant's argument for SCRAM. The court was required to "consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged." 725 ILCS 110-6(a) (West 2022); see *People v. Smith*, 2023 IL App (1st) 231756-U, ¶ 21 ("[T]he text of [section 110-6(a)] requires only that the trial court *consider* all relevant circumstances in making its decision." (Emphasis in original.)). Defendant provides no reason to suggest the court did not consider SCRAM as a potential condition of continued pretrial release. "We presume the [trial] court knows, follows, and applies the law, unless the record affirmatively rebuts that presumption." *Inman*, 2023 IL App (4th) 230864, ¶ 14.

¶ 20 Because defendant has provided this court with no basis for finding the trial court's conclusions were arbitrary, fanciful, or unreasonable, we find the court's revocation of defendant's pretrial release was not an abuse of discretion.

¶ 21                          III. CONCLUSION

¶ 22 For the reasons stated, we affirm the trial court's order and remand the cause for further proceedings.

¶ 23 Affirmed; cause remanded.