NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231278-U

NOS. 4-23-1278, 4-23-1279 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Knox County |
| PATRICK N. SNYDER, | ) | Nos. 23CF547 |
| Defendant-Appellant. | ) | 23CF554 |
| | ) | |
| | ) | Honorable |
| | ) | James Standard, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and DeArmond concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Patrick N. Snyder, appeals the trial court's order denying his pretrial

release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

5/110-6.1 (West 2022)), as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff.

Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     This appeal involves two Knox County cases consolidated on appeal. In Knox

County case No. 23-CF-547, on October 24, 2023, the State charged defendant with knowingly

engaging in the September 25, 2023, delivery of more than 100 grams but less than 400 grams of

a substance containing methamphetamine, a Class X felony (720 ILCS 646/55(a)(1), (2)(D) (West 2022)). In Knox County case No. 23-CF-554, the State charged defendant with knowingly possessing with intent to deliver more than 15 but less than 100 grams of a substance containing methamphetamine, a Class X felony (*id.* § 55(a)(1), (2)(C)) and unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2022)).

¶ 5        On October 26, 2023, the State filed a verified petition to deny defendant pretrial release in both Knox County cases. In both petitions, the State sought detention of defendant based on section 110-6.1(a)(1) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2022)), alleging he committed a felony offense for which a sentence of imprisonment without probation is required by law and his pretrial release poses a real and present threat to the safety of any person or community. In Knox County case No. 23-CF-547, the State alleged the following additional grounds supporting its petition:

> "The Defendant is currently charged in relation to a
> controlled buy of a substantial amount of suspected
> methamphetamine conducted by an undercover agent. Not long
> before the incident which led to the current charges, the Defendant
> sold approximately one ounce (~28 grams) of suspected
> methamphetamine to an undercover agent. And not long after the
> incident which led to the current charges, the Defendant personally
> told the undercover agent that he could secure a pound of
> methamphetamine.
>
> A search warrant was sought and obtained for the residence
> of [defendant] and law enforcement planned to execute same at the

time [defendant] sold the pound of methamphetamine to the undercover agent. [Defendant] ended up backing out of the buy, telling the agent he hadn't been able to get the meth from his dealer. As a result, execution of the search warrant did not occur.

Upon execution of the arrest of [defendant], illegal drugs and paraphernalia were observed in plain view, which led to a new search warrant for the residence of [defendant]. In [defendant's] residence an additional amount of methamphetamine was found, nearly two ounces (~57 grams), along with drug paraphernalia and evidence of the sale of drugs, including drug scales and a vacuum sealer commonly utilized when packaging illegal drugs for sale.

It appears that [defendant's] main source of income is the illegal sale of narcotics. An ounce of meth has a street value of anywhere from $250 to $350 or more, depending on the source. One gram of meth contains from one to four doses, so an ounce of methamphetamine (approximately 28 grams) has from 28 to 112 doses, more or less depending on the particular user. Illegal drugs such as methamphetamine contain any number of cutting agents including fentanyl, which is known to be highly dangerous to those who ingest it. The sale of illegal narcotics on the scale [defendant] was selling drugs poses a real and present threat to the safety of the community."

The factual summary provided in the verified petition in Knox County case No. 23-CF-554 is

substantially similar.

¶ 6        On October 26, 2023, a hearing was held on the State's petitions. The State's proffer included the charges as well as the additional grounds set forth in both petitions. The State also emphasized there was no evidence defendant had lawful employment and his "financial infrastructure" was built on the sale of drugs. The State concluded defendant was a real and present threat to the community and, given his financial dependence on the sale of illegal drugs, an order directing him not to participate in that activity and directing him to report to pretrial services would not mitigate that threat.

¶ 7        Defense counsel argued defendant did not pose a real and present threat to the community's safety. Counsel highlighted the absence of evidence of firearms or of criminal acts before September 25, 2023. Defense counsel proposed if the trial court found defendant posed such a threat, that threat could be mitigated by pretrial supervision, home detention, and drug testing, to which defendant did not object.

¶ 8        In denying defendant pretrial release, the trial court found the following:

> "Considering what has been represented here to be the magnitude of a sweep of [defendant's] dissemination of controlled substances, I think this situation casts a different light here, and I don't know how many customers [defendant] may have either directly or indirectly by sales to someone who then turns around and moves some of that product down the line. I don't know. And I'm not inquiring now. I'm just observing here. And that—I think the Court on the basis of the proffer can find that the conduct engaged in by the defendant here, the defendant does pose a real

- 4 -

threat, and I think by clear and convincing evidence that's been demonstrated. I don't find that conditions, limitations on pretrial release would be sufficient to protect the public or individuals from possible harm. So I'm going to—and I've considered all the evidence that's been proffered here. So I'm going to grant the petition to deny pretrial release."

By written order, the court checked a box showing it found by clear and convincing evidence "the proof is evident or the presumption great that the defendant has committed a qualifying offense listed in paragraphs (1) through (7) of 725 ILCS 5/110-6.1(a)," "defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and "no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons."

¶ 9        This appeal followed.

¶ 10                          II. ANALYSIS

¶ 11        On November 9, 2023, defendant filed a notice of appeal challenging the order denying him pretrial release (but no memorandum) under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023). Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court Rules (see Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023)), by which he asks this court to reverse the order denying pretrial release and remand for the setting of pretrial-release conditions. The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail."

¶ 12        In his notice of appeal, defendant checked three grounds for relief. The first ground defendant alleged is the State failed to meet its burden of proving by clear and

- 5 -

convincing evidence he poses a real and present threat to the safety of the community based on the specific articulable facts of the case. On the lines beneath the preprinted text, defendant added the following:

> "Aside from a DUI in 2003 and 2011, the defendant has no criminal history apart from a few minor traffic offenses. No evidence to indicate any violent, abusive or assaultive behavior. Both the gun and any drugs located in the home were taken as a result of this arrest and are no longer within the control of [defendant]."

¶ 13　　　　Under the Code, criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West Supp. 2023). To deny defendant pretrial release under the dangerousness standard, the State must prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case" and "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community." *Id.* § 110-6.1(a)(7), (e)(2)-(3).

¶ 14　　　　The question of whether a defendant was properly denied pretrial release is reviewed for an abuse of discretion. See *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. Under this standard, we will find an abuse of discretion when the decision regarding pretrial release is unreasonable, arbitrary, or fanciful or when we find no reasonable person would agree with the court's decision. *Id.* ¶ 10. The abuse-of-discretion standard does not allow this court to substitute our judgment for the trial court's judgment simply because we would have evaluated the evidence differently. See *id.* ¶ 11.

¶ 15    When the State seeks pretrial detention based on the dangerousness standard, the

trial court may consider the following factors:

"(1) The nature and circumstances of any offense charged,

including whether the offense is a crime of violence, involving a

weapon, or a sex offense.

(2) The history and characteristics of the defendant

including:

(A) Any evidence of the defendant's prior criminal history

indicative of violent, abusive or assaultive behavior, or lack of

such behavior. ***

(B) Any evidence of the defendant's psychological,

psychiatric or other similar social history which tends to indicate a

violent, abusive, or assaultive nature, or lack of any such history.

(3) The identity of any person or persons to whose safety

the defendant is believed to pose a threat, and the nature of the

threat.

(4) Any statements made by, or attributed to the defendant,

together with the circumstances surrounding them.

(5) The age and physical condition of the defendant.

(6) The age and physical condition of any victim or

complaining witness.

(7) Whether the defendant is known to possess or have

access to any weapon or weapons.

(8) Whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release ***.

(9) Any other factors *** deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g) (West Supp. 2023).

¶ 16   Here, we find no abuse of discretion. The record demonstrates the trial court considered the proffer, the nature of the offenses, and counsels' arguments, even asking a clarifying question during defense counsel's argument. The court emphasized the magnitude of defendant's drug offenses and their effect on the community. Given not only the charges involving large quantities of methamphetamine but also defendant's assertion he had access to even greater quantities and the absence of any indication he had an alternate source of income, the court's decision finding him dangerous is not arbitrary, fanciful, or unreasonable or one with which no reasonable person would agree. See *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 17   We note, even though the notice of appeal refers to a "gun," neither the charges against defendant nor the proffers or argument at the hearing refer to a gun found in his possession.

¶ 18   Defendant's second ground for relief is the State failed to meet its burden of proving by clear and convincing evidence no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community. Under the preprinted text, defendant wrote the following:

"Conditions that he not possess illegal narcotics, weapons

and submit to drug testing would be sufficient to protect the community. The defendant was willing to remain under house arrest to ensure he would not have access to any firearms or narcotics. The defendant was also willing to report to pretrial services to ensure the safety of the community."

¶ 19 We find no abuse of discretion in the trial court's determination no condition or combination of conditions can mitigate defendant's threat to the community. The court was under no obligation to believe defendant would comply with any imposed conditions. A large quantity of methamphetamine was found in the home where defendant wished to be confined. Defendant had access to large quantities of methamphetamine and no source of income to maintain his lifestyle other than through the sale of illegal drugs. The court's conclusion defendant's dangerousness to the community could not be mitigated is not fanciful, arbitrary, or unreasonable.

¶ 20 Defendant's third alleged ground for relief followed a checked box for "Other." Defendant alleged the following: "The court erred in finding that the State's Petition to Detain complies with 725 ILCS 5/110-6.1(d)(1). Allegations in the State's Petition lacked specificity as to why the case met the dangerous standard, was general in nature and not individualized for the case."

¶ 21 Section 110-6.1(d)(1) sets forth the requirements for a petition to deny pretrial release. 725 ILCS 5/110-6.1(d)(1) (West Supp. 2023). For petitions seeking denial of pretrial release under the dangerousness standard, petitions "shall be verified by the State and shall state the grounds upon which it contends the defendant should be denied pretrial release, including the real and present threat to the safety of any person or persons or the community, based on the

specific articulable facts." *Id.*

¶ 22        The petitions filed by the State satisfy section 110-6.1(d)(1). Contrary to defendant's contention in his notice of appeal, each petition contains a summary of the facts of both Knox County cases and describes defendant's financial circumstances. Each petition also summarizes the street value of methamphetamine and demonstrates how many doses defendant intended to disperse into the community.

¶ 23                        III. CONCLUSION

¶ 24        For the reasons stated, we affirm the trial court's judgment.

¶ 25        Affirmed.