**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230494-U

Order filed December 27, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0494 Circuit No. 23-CF-1951 |
| | ) | |
| JAMES M. USSERY JR., | ) ) | Honorable Ann Celine O'Hallaren Walsh, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justice Brennan concurred in the judgment.
Justice McDade dissented.

_____

**ORDER**

¶ 1     *Held*:  The circuit court did not abuse its discretion when it granted the State's detention petition.

¶ 2     Defendant, James M. Ussery Jr., appeals his pretrial detention, arguing that the Du Page County circuit court erred in finding that he posed a real and present threat to the safety of any person, persons, or the community and that there were no conditions that would mitigate that threat. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged on September 9, 2023, with, *inter alia*, aggravated fleeing and eluding a peace officer causing over $300 in property damage (Class 4) (625 ILCS 5/11-204.1(a)(3) (West 2022)). Defendant's bond was set at $100,000, but he remained in custody. Defendant was subsequently indicted on the charge as well as a charge of residential burglary (Class X) (720 ILCS 5/19-3(a) (West 2022)). On October 2, 2023, defendant filed a motion to reopen conditions of pretrial release. The State filed a verified petition to deny pretrial release, alleging defendant was charged with a forcible felony and residential burglary, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5), (6) (West 2022)).

¶ 5        The factual basis provided in the petition stated that on September 8, 2023, at approximately 2:55 a.m., an Elmhurst police officer attempted to effectuate a traffic stop on defendant's vehicle for driving without headlights. Defendant accelerated at a high rate of speed and fled from the officer, crashing his vehicle a short distance away, and causing damage to a metal railing. Defendant fled the vehicle on foot. Later that morning, a residential burglary was reported. The residents advised they heard noises in the house at approximately 3 a.m. and noticed a back window open. They later learned a purse with cash, credit cards, and other items had been stolen. Based on similar facts from defendant's previous residential burglary and the proximity in time between the attempted traffic stop and the break-in, defendant was later taken into custody. Location information from defendant's cell phone showed he was inside the residence for approximately 35 minutes and left 3 minutes prior to the attempted traffic stop. Defendant's cell phone then followed the path of the fleeing vehicle to the crash location and

2

moved through a park and wooded area, ultimately arriving at a business where defendant was employed. The petition also stated that defendant was on mandatory supervised release (MSR) for a 2016 residential burglary on the same street as the residence in this case, and he had committed prior felonies, including burglary, attempted burglary, unlawful possession of a stolen motor vehicle, and theft.

¶ 6        A pretrial risk assessment indicated that he was a moderate risk. He reported that he was employed full time. He had knee surgery in June and was attending physical therapy. He denied any substance abuse issues but stated that he wanted to start counseling to address past trauma.

¶ 7        A hearing was held on the petition on October 6, 2023. Defense counsel argued that defendant was not a danger as there was no indication of violence or a weapon used in this case, and he would comply with court conditions. The court granted the State's petition finding the State met its burden by clear and convincing evidence. It stated that the proof and presumption was great that defendant committed the offenses. It also found defendant was dangerous, and there were no conditions that would mitigate this. In doing so, the court stated,

> "And specifically the Court points to, among everything that I have reviewed, the defendant's behavior that's alleged in this particular case I do find poses a threat to the community, both in his behavior surrounding the fleeing and *** the facts and circumstances surrounding the initial fleeing of the police officers. *** I do note the defendant fled—after he fled in a vehicle at a high rate of speed, he also fled from the vehicle on foot to evade law enforcement, which the Court underscores the defendant's behavior ***.
>
> And then I also carefully considered the facts that—the allegations with regard to the residential burglary. And in the Court's opinion, I don't think that

3

the Court needs to find that the defendant engaged in physical violence using a weapon or other type of violence to find that he poses a real and present threat to the safety of persons in the community. So I'm making that particular finding, and I've considered that. And also the fact that the defendant was on parole when the allegations of these offenses have been committed."

¶ 8        Defendant appealed.

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, defendant contends that the court abused its discretion in granting the petition to detain. Specifically, he argues the court erred in finding that he posed a real and present threat to the safety of any person, persons, or the community and that there were no conditions that would mitigate any threat that he did pose. We consider factual findings for the manifest weight of the evidence (*People v. $280,020 in United States Currency*, 2013 IL App (1st) 111820, ¶ 18), but the ultimate decision to grant the State's petition to detain is considered for an abuse of discretion (*People v. Inman*, 2023 IL App (4th) 230864, ¶ 10). Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 11  We find the court did not err in granting the petition. First, defendant has shown that he is a danger to the community. He broke into a house in the middle of the night, something he had done on this same street before. Moreover, he fled from the police at a high rate of speed, ultimately crashing into a metal railing. While defendant argues that he was not armed with a weapon and had not hurt anyone, the court was correct in finding that this was not necessary for a finding of dangerousness. Second, the court did not err in finding that there were no conditions to mitigate defendant's dangerousness. Defendant was on MSR, which did not prevent him from committing the instant offense. Based on the foregoing, we cannot say that the court's decision to grant the petition was an abuse of discretion.

¶ 12                                    III. CONCLUSION

¶ 13  The judgment of the circuit court of Du Page County is affirmed.

¶ 14  Affirmed.

¶ 15  JUSTICE McDADE, dissenting:

¶ 16  One might fairly describe defendant's reaction to the possibility of being caught at or near the scene of his crime as "fight or flight." The State showed convincingly that he chose flight. We know from our own experience with similar cases that such a reaction is very common. The State also showed defendant was dangerous in that he had likely committed the current crime against a person and that it was not his first offense.

¶ 17  The procedures surrounding this statute serve a stated purpose that, absent special circumstances proven by the State by clear and convincing evidence, everyone charged with an offense is eligible for pretrial release. Those circumstances are set out at the end of the majority's decision. In my opinion, the third element of the State's burden—that there are no conditions that

5

the court could impose on pretrial release that could mitigate defendant's threat to the community or the risk that he might flee and evade justice—is truly critical.

¶ 18        In most of the cases under this new approach to pretrial detention that I have seen, as here, the State is either silent on this element or makes a conclusory allegation—which is not evidence—that no such conditions exist. If there truly are no feasible restrictions, then pretrial detention is appropriate. But the trial court cannot know that and we cannot review its decision unless there is some record that the State made a showing and the court considered and reasonably rejected available options.

¶ 19        The requisite timeframes for these cases at both the trial and appellate levels are challenging, but that does not give the State and trial courts license to ignore a difficult element or give us the option of excusing the State's satisfaction of its burden on this key element.

¶ 20        I would find that the State has not met its burden, that the trial court abused its discretion, and that the decision should be reversed, and the matter remanded for further action in compliance with the statute.