NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 231118-U

NO. 4-23-1118

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 4, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| ARMAND D. WILSON, | ) | No. 23CF1008 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Armand D. Wilson, appeals the circuit court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). On appeal, defendant argues this court should overturn the circuit court's decision because (1) the State failed to prove by clear and convincing evidence he posed a real and present threat to the safety of any person or persons or the

community, (2) the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate that threat, and (3) the court erred in finding no condition or combination of conditions would reasonably assure defendant's appearance at later hearings or prevent him from being charged with a subsequent felony or misdemeanor. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On September 29, 2023, the State charged defendant with residential burglary, a Class 1 felony (720 ILCS 5/19-3(a) (West 2022)). That same day, the State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. The State alleged defendant was charged with a qualifying offense and his pretrial release posed a real and present threat to the safety of persons or the community (725 ILCS 5/110-6.1(a)(1), (1.5), (6)(Q) (West 2022)).

¶ 5        At the detention hearing, defendant conceded the State charged him with a detainable offense. According to the State's proffer, while the victim was at work, a neighbor informed him one of his residence's back windows was open. The victim returned home and saw defendant exit the residence through the open window and flee the scene. The victim searched his residence and discovered he was missing a camera, tablet computer, and a wallet with his credit cards and $110 in cash. The victim called law enforcement. Officers responded to the scene and discovered defendant in the area. The victim identified defendant as the person he saw climb out of his residence's window, and defendant had the stolen wallet on his person.

¶ 6        Defendant's criminal record included convictions for criminal trespass to vehicles in McLean County case No. 23-CM-392 in July 2023 and resisting a peace officer in Peoria

County case No. 23-CF-166 in August 2023. Defendant was on probation when the events in question occurred.

¶ 7        Defense counsel proffered defendant had a child for whom he cared, and he recently obtained employment. Defendant also scheduled a mental health assessment, and he intended to follow any treatment recommendations. Defendant had no prior felony convictions, nor had he been convicted of a violent offense. According to the public safety assessment report (PSA), defendant scored a three out of six on the "New Criminal Activity Scale," and a two out of six on the "Failure to Appear Scale." The PSA recommended defendant be released with pretrial monitoring. Based on these facts, defense counsel argued, defendant should be granted pretrial release, subject to conditions and monitoring set by the circuit court.

¶ 8        After hearing arguments, the circuit court granted the State's petition requesting the denial of pretrial release. In doing so, the court emphasized the seriousness of the charged offense and the danger it posed to the safety of others. The court noted defendant did not know the victim, which increased the threat of danger to the community. The court also observed defendant was on probation when he allegedly committed the charged offense, and defendant was obligated not to commit any further offenses while on probation. Because defendant refused to abide by his probation conditions in a previous case, the court concluded similar or additional conditions here would not deter defendant from posing a threat to the safety of other persons or the community.

¶ 9        After the circuit court entered its written order denying defendant pretrial release, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 10        This appeal followed.

¶ 11                                      II. ANALYSIS

¶ 12          On December 12, 2023, the Office of the State Appellate Defender, defendant's appointed counsel on appeal, filed a notice with this court indicating it would not file a Rule 604(h) memorandum. Thus, we examine the arguments set forth in defendant's notice of appeal.

¶ 13          In his notice of appeal, defendant asserts the State failed to prove by clear and convincing evidence defendant posed a real and present threat to the safety of any person or the community based on the facts of this case. Defendant also insists the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the threat defendant posed to the safety of any person or the community. According to the notice of appeal:

> "Defendant is willing to abide by any release conditions imposed by the Court, including no[-]contact provisions[,] and refrain from using any illicit substances. Defendant does not have a significant criminal history. If he were released with conditions, he could maintain his employment and continue his mental health treatment in the community."

Defendant repeats this assertion to support his contention the court erred in finding no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 14          We review the circuit court's pretrial release decision for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. An abuse of discretion occurs when the decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the court's position. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 15 Before a circuit court grants a petition seeking the denial of pretrial release, the State must prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and "no condition or combination of conditions set forth in subsection (b) of Section 110-10 of this Article can mitigate (i) the real and present threat to the safety of any person or persons or the community." 725 ILCS 5/110-6.1(e)(2), (3)(i) (West 2022). Factors a circuit court may consider in determining whether a defendant poses a real and present threat include:

"(1) The nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense.

(2) The history and characteristics of the defendant including:

(A) Any evidence of the defendant's prior criminal history indicative of violent, abusive or assaultive behavior, or lack of such behavior. ***

(B) Any evidence of the defendant's psychological, psychiatric or other similar social history which tends to indicate a violent, abusive, or assaultive nature, or lack of any such history.

(3) The identity of any person or persons to whose safety the defendant is believed to pose a threat, and the nature of the threat.

(4) Any statements made by, or attributed to the defendant,

together with the circumstances surrounding them.

(5) The age and physical condition of the defendant.

(6) The age and physical condition of any victim or complaining witness.

(7) Whether the defendant is known to possess or have access to any weapon or weapons.

(8) Whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release ***.

(9) Any other factors *** deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g) (West Supp. 2023).

¶ 16       Here, we find the circuit court did not abuse its discretion when it denied defendant pretrial release. During the hearing, the court found the State had established defendant's "dangerousness" by clear and convincing evidence. "However, we are not reviewing the State's evidence anew. Instead, we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion." *Inman*, 2023 IL App (4th) 230864, ¶ 11. "[W]e will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of the witnesses." (Internal quotation marks omitted.) *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 17       The circuit court indicated it had considered the proffers, the nature of the offense, the PSA, and the arguments of counsel. Further, the court carefully outlined both its

findings and reasoning for the findings set forth in a proper written order. In making its decision, the court relied on no less than four of the factors mentioned above. Specifically, the court relied on the serious nature of the charged offense—residential burglary, a nonprobationable Class 1 felony—which threatened the safety of the community (725 ILCS 5/110-6.1(g)(1) (West Supp. 2023)). The court also found defendant posed an increased threat of danger because he did not know his victim, indicating defendant allegedly committed the charged offense against a random individual (725 ILCS 5/110-6.1(g)(3), (9) (West Supp. 2023)). Further, the court noted defendant was on probation when the events below took place, and defendant did not abide by the conditions imposed by his probation, including that he not commit further criminal offenses (725 ILCS 5/110-6.1(g)(8) (West Supp. 2023)) Finally, the record shows defendant committed two other offenses in different counties mere months before the events in question occurred, including the case for which defendant was on probation (725 ILCS 5/110-6.1(g)(2)(A) (West Supp. 2023)).

¶ 18     The circuit court further outlined its reasons for concluding there were no conditions of pretrial release which could mitigate defendant's "dangerousness," since he had only recently committed offenses for which he was on conditional discharge, had now committed a serious felony offense, and it was obvious he would not comply with orders of the court to commit no further crimes. The court entered its findings in the written order. Because the court complied with the requirements of the Code and made all necessary findings, based on this record, we find no reason to conclude the court's decision was "arbitrary, fanciful, or unreasonable." *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833.

¶ 19                                III. CONCLUSION

¶ 20     For all these reasons, we affirm the judgment of the circuit court.

¶ 21        Affirmed.