NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231298-U

NO. 4-23-1298

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 1, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| BRANDON MASON, | ) | No. 23CF1067 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Rudolph M. Braud Jr., |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1        *Held:* The circuit court did not err in granting the State's petition to detain
              defendant prior to trial.

¶ 2        Defendant Brandon Mason appeals the circuit court's order denying him pretrial

release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art.

110 (West Supp. 2023)). Defendant argues that the State failed to prove that (1) the proof was

evident or presumption great that defendant committed the charged offenses, (2) defendant was

dangerous and thereby posed a threat; and (3) no condition or combination of conditions could be

imposed in order to mitigate the threat he posed if granted pretrial release. For the reasons that

follow, we affirm.

¶ 3                            I. BACKGROUND

¶ 4        The State charged defendant with one count of unlawful delivery of

methamphetamine (720 ILCS 646/55(a)(1) (West 2022)). In November 2023, the State filed a verified petition pursuant to section 110-6.1(a)(1) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2022)), seeking defendant's pretrial detention. The petition alleged defendant "posed a real and present threat to the physical safety of any person, persons, or the community," based on the charge that was nonprobationable, with a minimum sentence of 15 years' imprisonment, and defendant's criminal history. The State stated defendant's criminal history included prior felony convictions for aggravated unlawful use of a weapon, which resulted in a seven-year sentence; obstruction of justice, where probation was unsuccessfully terminated; and criminal damage to property. His history also included misdemeanor convictions for domestic battery; battery; two counts of unlawful possession of a firearm; and reckless conduct. Further, the State alleged defendant had pending felony charges in Macon County case No. 21-CF-1595 for aggravated domestic battery and domestic battery. Defendant was placed on global positioning system (GPS) monitoring as a condition of pretrial release in that case and had the monitoring condition removed approximately a month before the alleged offense in this matter.

¶ 5        A detention hearing followed, where the State proffered that, pursuant to a joint investigation with the Sangamon County Sherriff's Office and the Bureau of Alcohol Tobacco and Firearms (ATF), two controlled purchases of narcotics were conducted. The first purchase of narcotics involved 413 pills containing methamphetamine by an individual other than defendant. Law enforcement identified defendant as the source of the 413 pills. ATF agents conducted a second controlled purchase from defendant, where 2100 pills were transferred for the amount of $2100 and field tested positive for methamphetamine. The approximate weight of the pills from the second controlled buy was 1013 grams.

¶ 6        The State began discussing defendant's pending charges in Macon County when

defense counsel objected, arguing the State had failed to tender information regarding that charge. See 725 ILCS 5/110-6.1(f)(1) (West 2022) (requiring the State to tender to the defendant, among other things, "copies of the defendant's criminal history available, *** if relied upon by the State in its petition, *** at the time of the hearing"). Following a brief sidebar, off the record, the State agreed to continue with its proffer without relying on the pending charges in Macon County and continued to explain defendant's criminal history as described in the petition.

¶ 7       The State requested that the circuit court deny pretrial release due to defendant's criminal record, the severity of the offense, and the belief that placing him on home confinement and GPS monitoring would not deter his commission of future offenses.

¶ 8       Defense counsel argued that the circuit court should not consider the first controlled purchase, as ATF agents did not purchase pills directly from defendant, and that the alleged weight of the pills from the second controlled purchase was an approximation insufficient to support the charged offense. Moreover, defendant had completed boot camp on the aggravated unlawful use of a weapon conviction, so the least restrictive alternative to pretrial detention would be home confinement or GPS monitoring.

¶ 9       The circuit court found that the State had met its burden to detain defendant pretrial. The court found that based on the State's proffer and defendant's criminal history, defendant posed "a complete danger to the community." A written order was entered, finding defendant was denied pretrial release because of the "Nature and circumstances of the offense(s) charged," and "Defendant's prior criminal history is indicative of violent, abusive or assaultive behavior."

¶ 10       Defendant filed a timely notice of appeal, and the Office of the State Appellate Defender supplemented the notice with a supporting memorandum.

¶ 11                                    II. ANALYSIS

¶ 12    Defendant argues that the State failed to prove (1) the proof was evident or presumption great that defendant committed the charged offenses, (2) defendant was dangerous and thereby posed a threat; and (3) no condition or combination of conditions could be imposed in order to mitigate the threat he posed if granted pretrial release.

¶ 13    The Code abolishes traditional monetary bail and provides defendants with a presumption in favor of pretrial release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In order for the State to successfully petition to keep a defendant detained prior to trial, it has the burden of proving, by clear and convincing evidence, that: (1) "proof is evident or presumption great" that the defendant committed a detainable offense, (2) depending on the offense, the defendant "poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and (3) no condition or combination thereof can mitigate the threat the defendant poses. *Id.* § 110-6.1(e)(1)-(3). We review the circuit court's judgment for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. A circuit court abuses its discretion when " 'its decision is "fanciful, arbitrary, or unreasonable to the degree that no reasonable person would agree with it." ' " *People v. Pacheco*, 2023 IL 127535, ¶ 54 (quoting *People v. Kladis*, 2011 IL 110920, ¶ 23, quoting *People v. Ortega*, 209 Ill. 2d 354, 359 (2004)).

¶ 14    Turning to defendant's arguments that the State failed to prove the proof was evident or presumption great that defendant committed the charged offenses, we find that the State carried its burden. Defendant points to the State's allegation that the weight of the pills from the controlled buy involving defendant was "roughly" 1013 grams and was not an exact weight. Roughly is a synonym for approximately meaning "close but not exactly." "Approximately." Merriam-Webster.com Thesaurus, Merriam-Webster, https://www.merriam-webster.com/thesaurus/approximately (last visited Jan. 24, 2024). The weight, as alleged, is not

close to the cutoff of 900 grams, and we find the allegation as contained in the State's petition sufficient. This is not a case where an approximation of 1, 10, or even 100 grams would result in a defect in the charge. The circuit court's finding as to the probability defendant committed the alleged offense was not arbitrary or fanciful.

¶ 15    Defendant next argues that the State failed to carry its burden in proving he was dangerous and thereby posed a threat. Defendant argues that he "should not have been charged with a Class X felony" in this matter and that the State failed to show "his criminal history was indicative of violent behavior." Defendant's first argument apparently is related to the argument above that the State failed to show that he committed the offense by the required evidentiary standard due to qualifying language regarding the weight of the methamphetamine. On this point, we remain unpersuaded. Addressing his second contention, we find that the State carried its burden in establishing defendant posed a danger to the community. In the State's proffer, defendant was tied to two controlled purchases. In one, he was the source of the pills, and in the other he facilitated the transaction. His criminal history includes convictions for aggravated unlawful use of a weapon, domestic battery, battery, two counts of unlawful possession of a firearm, and reckless conduct.

¶ 16    In his memorandum, defendant argues that none of the factors listed in the Code concerning dangerousness relate to the public harm caused by drug abuse. Further, defendant's memorandum argues, "If the State did not want [defendant] selling methamphetamine, the State should not have arranged for [defendant] to sell drugs to the State." Defendant makes it clear that he is essentially arguing that he was "entrap[ped]" into the conduct at issue.

¶ 17    Defendant's assertion that a defendant cannot be deemed a danger to the community based on a drug offense is overbroad. Section 110-6.1(g)(1)-(9) of the Code (725 ILCS 5/110-6.1(g)(1)-(9) (West 2022)) provides a nonexhaustive list of factors for the circuit court to consider

when assessing dangerousness. This subsection explicitly states that the court "shall not be limited to" consideration of only these factors. *Id.* § 110-6.1(g). Defendant is not charged with merely abusing or possessing a drug, but its distribution. Defendant was charged under the Methamphetamine Control and Community Protection Act (720 ILCS 646/1 *et seq.* (West 2022)). The legislature promulgated this statutory scheme with the intent to "reduce the damage that the manufacture, distribution, and use of methamphetamine are inflicting on children, families, communities, businesses, the economy, and the environment in Illinois." *Id.* § 5. The legislative intention behind the adoption of the Controlled Substance Act (720 ILCS 570/100 (West 2022))— including its prohibitions against the trafficking of controlled substances—is to protect "the peace, health, and welfare of the citizens of Illinois." *People v. Johnson*, 2023 IL App (5th) 230714, ¶ 26. These are relevant considerations when assessing what the legislature meant when it provided for the pretrial detention of a person who posed a "danger" to the "community." See *id.*, ¶¶ 25-26. Given defendant's criminal history, the legislature's determination that distributing methamphetamine has a deleterious impact on the community at large, and the amount of methamphetamine the State was able to connect to defendant, the finding that defendant posed a danger to the community was not fanciful, arbitrary, or unreasonable.

¶ 18        Finally, we address defendant's argument that the State failed to prove that there was no less restrictive alternative to pretrial detention. Defendant argues that GPS monitoring was a less restrictive alternative. We disagree. It was not an abuse of discretion for the circuit court to find that neither home confinement nor GPS monitoring would alleviate concerns of recidivism, as the record did not demonstrate how such conditions would prevent defendant from continuing to commit offenses of the kind with which he was charged. Accordingly, it was not an abuse of discretion for the court to find that the State met its burden in showing no condition or combination

thereof could mitigate the threat posed by defendant.

¶ 19                                III. CONCLUSION

¶ 20          For the reasons stated, we affirm the circuit court's judgment.

¶ 21          Affirmed.