NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231322-U

NO. 4-23-1322

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 6, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| DUSTIN PATRICK TRESTIK, | ) | No. 23CF2714 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Paccagnini, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Dustin Patrick Trestik, appeals the circuit court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as September 18, 2023). On appeal, defendant argues the State failed to prove by clear and convincing evidence that no conditions could mitigate the real and

present threat he posed to the safety of any person or the community based on the facts of the case or prevent his willful flight. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            On November 15, 2023, the State charged defendant with aggravated domestic battery with strangulation (720 ILCS 5/12-3.3(a-5) (West 2022)), domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2022)), possessing a firearm without the requisite firearm owner's identification (FOID) card (430 ILCS 65/2(a)(1) (West 2022)), possessing ammunition without the requisite FOID card (430 ILCS 65/2(a)(2) (West 2022)), and aggravated assault using a firearm (720 ILCS 5/12-2(c)(1) (West 2022)).

¶ 5            On November 16, 2023, the State filed a petition to deny pretrial release, and the circuit court conducted a detention hearing. Defendant conceded he was charged with a detainable offense. The State's proffer relied on the officers' factual summary and the pretrial services report. According to the factual summary, officers responded to a physical altercation at a hotel between defendant and his girlfriend, Amanda Allen. Allen told officers defendant "punched her two to three times in the face" and "took both of his hands and placed them around her neck for 30-45 seconds," making her feel lightheaded. Defendant removed a handgun in a holster from his pants and, while his hand was on the holster, he said, " 'I should put one through you.' " Defendant later placed his forearm against Allen's neck and applied pressure for approximately one minute. When Allen said she could not breath, defendant responded, " 'You are not supposed to.' " To escape, Allen ran out of the room and jumped off a second floor balcony.

¶ 6            Officers observed swelling and bruising on Allen's face and neck. Allen told officers defendant was "physical" with her three or four times in the past. Officers detected "a

strong odor of an alcoholic beverage" coming from defendant's mouth, and his eyes were bloodshot and glassy. Officers searched the hotel suite and found three handguns.

¶ 7 The pretrial services report showed defendant was a "Moderate/High Risk" on the pretrial risk assessment tool. Defendant scored a 15 on the Domestic Violence Screening Instrument (DVSI), which fell within the "high risk" range. Defendant's criminal history included a conviction for domestic battery causing bodily harm in 2002. In 2012, defendant was arrested and charged with domestic battery and knowingly damaging property, but he was only convicted of the latter charge. In 2022, defendant received probation for a firearm-related offense in Pueblo County, Colorado, and he was still on probation when the altercation at issue occurred. According to his probation officer, defendant had not reported to her since his release. A warrant had been issued for defendant on November 9, 2022, for failure to comply with his probation conditions.

¶ 8 The State described several of these allegations as "red flags," including defendant's access to deadly weapons, his purported alcohol abuse, and that he purportedly strangled Allen twice during the altercation. The State emphasized Allen "thought she was going to die," and "she jumped off the second floor balcony [of the hotel] into the lobby area to get away from this defendant." Further, defendant "had become physical" with Allen multiple times in the past, and defendant was on probation due to a conviction in another state when the altercation occurred.

¶ 9 Defendant argued his only domestic violence conviction took place over 20 years ago, and Allen's primary residence was in another state. Conversely, defendant was self-employed in Illinois, and he had family nearby. Defendant insisted there was not "enough information to conclude that [he] would not abide by Court conditions if they were to be

imposed." Defendant asserted a no contact order would sufficiently mitigate the threat he posed to Allen's safety.

¶ 10    The circuit court granted the State's petition, finding the State proved by clear and convincing evidence the proof was evident or the presumption great that defendant committed a qualifying offense, he posed a real and present threat to the safety of his alleged victim and the community, and no conditions would ensure the safety of his alleged victim or the community. In making its decision, the court observed defendant allegedly punched Allen and strangled her twice, causing her to feel lightheaded. The court noted defendant "allegedly placed his hand on his holster containing a firearm and told the alleged victim, [']I should put one through you.['] " When officers searched the hotel room where the altercation took place, they found firearms. The victim "then jumped from the second story of the hotel where an employee witnessed the alleged victim's actions by jumping." Officers observed swelling and bruising on the alleged victim's neck and face. The court also noted defendant was previously convicted for domestic violence, and he had "a risk level of eight, which is moderate to high, and a DVSI of 15, which is high." The court further noted defendant, who was currently on probation based on an incident in Pueblo County, Colorado, had an outstanding warrant because he never met with his probation officer. The court considered defendant's failure to comply with the conditions of his probation when finding he was unlikely to comply with any release conditions the court might impose. The court required defendant to have no contact with Allen.

¶ 11    After the circuit court entered its written order denying defendant pretrial release, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Oct. 19, 2023).

¶ 12    This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14           On appeal, defendant argues the circuit court abused its discretion because the State did not prove by clear and convincing evidence that no conditions could mitigate the threat he posed to the safety of any person or the community or prevent his willful flight. Specifically, defendant argues Allen does not live in Illinois and a no contact order would ensure her safety.

¶ 15           Before a circuit court grants a petition seeking to deny pretrial release, the State must prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and "no condition or combination of conditions *** can mitigate *** the real and present threat to the safety of any person or persons or the community." 725 ILCS 5/110-6.1(e)(2), (3)(i) (West 2022). We review a pretrial release decision for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. An abuse of discretion occurs when the decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the court's position. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 16           Here, the circuit court did not abuse its discretion in denying defendant pretrial release. The court carefully outlined its findings and reasoning both during the hearing and in its written detention order. In reaching its decision, the court relied on the nature and characteristics of the offense and defendant, including his access to firearms and the fact that he was on probation when the altercation occurred and had failed to comply with the terms of his probation, resulting in an outstanding warrant. See 725 ILS 5/110-6.1(g)(1), (2)(A), (7), (8) (West 2022). Defendant allegedly strangled Allen twice, punched her in the face, and threatened her, saying, " 'I should put one through you,' " while placing his hand on a holster containing a firearm. The pretrial services report showed defendant was a moderate to high risk according to the risk

assessment tool and he was a high risk on the DVSI. Defendant was on probation when he allegedly committed the charged offenses. Based on these factors, the court found no pretrial release conditions could mitigate defendant's dangerousness to Allen or the community. The law allows the court to consider these factors, and we will not substitute our own judgment on appeal. *Inman*, 2023 IL App (4th) 230864, ¶ 11. The court followed and applied the Code when deciding to detain defendant. No abuse of discretion occurred, as the court's decision was not arbitrary, fanciful, or unreasonable. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 17                                    III. CONCLUSION

¶ 18            For all these reasons, we affirm the judgment of the circuit court.

¶ 19            Affirmed.