NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 231377-U

NO. 4-23-1377

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 9, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DANA ANDERSON, | ) | No. 23CF1170 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Rebecca S. Foley, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2    Defendant, Dana Anderson, appeals the trial court's order denying his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                        I. BACKGROUND

¶ 4    On November 17, 2023, the State charged defendant with the November 16, 2023, aggravated domestic battery—strangulation (720 ILCS 5/12-3.2(a)(1), 12-3.3(a-5) (West 2022)) of Evanna Brice. For that same act, the State further charged defendant with domestic battery—subsequent offense felony (three prior convictions) (*id.* § 12-3.2(a)(1)).

¶ 5    That same day, the State filed a petition to deny defendant pretrial release under

section 110-6.1(a)(4) of the Code (725 ILCS 5/110-6.1(a)(4) (West 2022)). The State alleged defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community.

¶ 6 Also, that day, a hearing was held on the State's petitions. Immediately before the hearing on the State's petition to deny defendant pretrial release, a hearing was conducted on probable cause. At the probable-cause hearing, the State made a proffer. According to the State, defendant and Brice were in a romantic relationship. Brice was five months pregnant. On November 16, 2023, Bloomington police spoke to Brice. Brice reported defendant, who was intoxicated, accused her of cheating on him with an ex-boyfriend. After Brice told defendant she did not want to talk with him, defendant struck her in the face with a cell phone and strangled her with both hands. Brice could not swallow or breathe while defendant's hands were around her neck, and she was light-headed when defendant released her. Officers observed red finger marks and a cut on Brice's throat and Brice's shirt was stretched and ripped. Brice's grandmother reported, when she entered the room, she saw defendant with his arm around Brice's neck. Defendant released Brice as the grandmother entered the room. Defendant had three prior domestic-battery convictions.

¶ 7 After the trial court found probable cause, the hearing on the issue of defendant's pretrial release began. The State first asked the court to take judicial notice of the probable-cause hearing. The State made an additional proffer, first reporting Brice did not want defendant detained. The State then reported defendant's criminal history. Defendant had a 2006 conviction for Class 2 burglary in De Witt County, a 2006 conviction for Class 1 residential burglary, and a 2008 conviction for Class 4 failure to report an accident with a personal injury. For the 2008 conviction, defendant was sentenced to probation, but probation was later revoked. Defendant

was convicted in 2012 for Class A criminal damage to property and in 2013 for Class 4 driving while license revoked. For the 2013 offense, defendant was sentenced to probation, which was later revoked. In 2015, defendant was convicted of Class 3 theft and sentenced to imprisonment. In 2018 (McLean County case No. 18-CM-161), defendant was convicted of domestic battery, for which his sentence of conditional discharge was terminated as unsatisfactory. In 2019 and 2021, defendant was convicted of Class 4 domestic battery (McLean County case Nos. 19-CF-1232 and 21-CF-557), each involving the same victim but not Brice. For the 2019 conviction, defendant was sentenced to probation, but his probation was revoked. For the 2021 offense, defendant served time in prison. Defendant was on mandatory supervised release (MSR) for the 2021 offense when he committed the offenses charged here. In addition, Brice was asked questions to assess defendant's danger to the community. In response to those questions, Brice stated the physical violence had increased in frequency over the last year, defendant had used a weapon or threatened her with a weapon, and defendant had tried to choke her. Brice also stated she believed defendant is capable of killing her.

¶ 8        Defense counsel proceeded with her proffer. According to defense counsel, the third-party witness did not state defendant's hands were on Brice's neck but stated his arm was around Brice's neck. Defendant acknowledged arguing with Brice but denied any physical violence, and defendant asserted there were no allegations regarding the use of weapons. Defendant, age 34, is the father of Brice's unborn child. Brice is 19. Defendant had full-time employment, provided child support for 4 children, and volunteered at Home Sweet Home Mission. Defendant was on MSR and was required to get evaluations completed, and defendant wanted to complete those evaluations, which included parenting classes. Defendant, if released, would stay with his grandparents and would agree to having no contact with Brice.

¶ 9         At the close of the hearing, the trial court denied defendant pretrial release. The court found the presumption great defendant committed a qualified offense. The court noted, in addition to the alleged victim's statement, there was an independent witness who observed part of the interaction and physical evidence, including red finger marks, a cut, and a ripped shirt, to support the victim's statement. The court further found a specific threat to Brice, and it noted the history of three domestic battery convictions with two other victims. The court emphasized defendant failed at repeated community-based sentences. The court further found no conditions or combination of conditions could mitigate the threat, stressing defendant's criminal history and the fact he was on MSR when he committed the charged offenses.

¶ 10        This appeal followed.

¶ 11                              II. ANALYSIS

¶ 12        On November 28, 2023, defendant filed a notice of appeal challenging the order denying his pretrial release under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023). Defendant did not file a supporting memorandum. Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court Rules (see Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023)), by which he asks this court to "Release with conditions." The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked four grounds for relief and provided additional support on the lines beneath the preprinted text of those grounds.

¶ 13        The first ground for relief checked by defendant in his notice of appeal is the State failed to prove by clear and convincing evidence the proof is evident or the presumption great he committed the offenses charged. In support, defendant wrote the following: "Complaining witness stated the defendant strangled her with both hands around neck. Additional witness

stated saw the Defendant w/ his arm around her neck." Defendant also listed the two offenses for which he is charged.

¶ 14        Under the Code, all criminal defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(a) (West 2022). Before the State may overcome that presumption and secure pretrial detention of a criminal defendant under section 110-6.1(a), the State must prove multiple factors. One is to prove by clear and convincing evidence "the proof is evident or the presumption great that the defendant has committed" an offense described in section 110-6.1(a) (*id.* § 110-6.1(e)(1)). We note defendant does not challenge the determination he is charged with an offense that falls within subsection (a) (*id.* § 110-6.1(a)).

¶ 15        The question of whether a criminal defendant is properly denied pretrial release is reviewed for an abuse of discretion. See *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. An abuse of discretion will be found when a reviewing court finds the decision unreasonable, arbitrary, or fanciful or when it finds no reasonable person would agree with the trial court's decision. *Id.* ¶ 10.

¶ 16        We find the trial court did not abuse its discretion in finding the proof evident defendant committed the charged offenses. From the proffer, the additional witness is Brice's grandmother. Brice's grandmother entered at the end of the physical altercation and observed defendant's arm around Brice's neck. This statement does not contradict Brice's statement. Moreover, there is physical evidence supporting Brice's statement to the police, as officers observed red finger marks and a cut on Brice's throat, as well as Brice's ripped and stretched shirt. We find no abuse of discretion in the court's finding the State proved by clear and convincing evidence the presumption great defendant committed the charged offenses.

¶ 17        The next checked box on defendant's notice of appeal is the State did not prove

by clear and convincing evidence defendant poses a real and present threat to the safety of any persons or persons or the community. In support, defendant wrote the following: "The Defendant hold employment; pays child support for 4 children; working on getting enrolled in treatment classes. Had an alternative address to stay, different from witness'."

¶ 18     To deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1(e)(2)-(3) (West 2022)), as the State sought here, the State must also prove by clear and convincing evidence "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." The Code gives the trial court broad discretion in choosing what factors to consider in making this determination. See *id.* § 110-6.1(g) (setting forth factors a trial court may consider when considering dangerousness). Here, when finding the State sufficiently proved defendant poses a threat to Brice specifically, the trial court emphasized defendant's history of repeatedly committing domestic violence.

¶ 19     Defendant's argument on appeal is, in large part, irrelevant to the State's petition to deny him pretrial release. The facts defendant alleges do not undermine the conclusion defendant is a threat. Defendant was working, paying child support, and working on getting into treatment classes at the time of these offenses. That defendant had somewhere else to stay does not render him "no threat" to the mother of his unborn child. The trial court considered the evidence. We find no abuse of discretion.

¶ 20     The third ground defendant checked in his notice of appeal is the State did not prove by clear and convincing evidence no condition or combination of conditions can mitigate the real and present threat to the safety of the community. In support, defendant wrote the following: "The Court relied on prior criminal record and parole status as evidence that no

condition could mitigate a real and present threat despite the Defendant's willingness to comply with any pretrial release condition the Court deemed appropriate."

¶ 21 This argument lacks merit. The record reveals the trial court considered the proffers by the State and defendant. Defendant's criminal history is substantial, revealing defendant, despite attesting otherwise, has no regard for the conditions of probation or mandatory supervised release. We cannot find the court abused its discretion in determining no condition or combination of conditions can mitigate defendant's real and present threat to the community.

¶ 22 The last argument defendant asserts in his notice of appeal is no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Under this argument, defendant wrote the following:

> "A no contact order with the victim and her residence was enough to mitigate any safety concerns. There was no evidence that there was any present no contact or order of protection order limiting contact when the alleged incident occurred. Complaining witness told State that she did not want the Defendant detained."

¶ 23 This argument is irrelevant and, therefore, meritless. This box on the preprinted form for a notice of appeal is relevant to appeals from petitions to *revoke* pretrial release filed under section 110-6(a) of the Code (*id.* § 110-6(a) (West 2022)). There is nothing within section 110-6.1(a), (e)(2)-(3) of the Code (see *id.* § 110-6.1(a), (e)(2)-(3)), requiring the State to prove this factor before seeking to *deny* a criminal defendant's pretrial release.

¶ 24 III. CONCLUSION

¶ 25        We affirm the trial court's judgment.

¶ 26        Affirmed.