NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240343-U

NO. 4-24-0343

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 25, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Fulton County |
| WILLIAM R. OTTO, | ) | No. 24CF33 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas B. Ewing, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1 *Held*: The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2  Defendant, William R. Otto, appeals the trial court's order denying him pretrial release under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a)(1.5) (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3         I. BACKGROUND

¶ 4  On February 23, 2024, the State charged defendant with home invasion (720 ILCS 5/19-6(a)(2) (West 2022)) and battery (*id.* § 12-3(a)(1)). According to the charges, defendant unlawfully entered Bradley Davis's home and struck Davis in the face.

¶ 5  The same day, the State a verified petition to deny defendant pretrial release under section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). In addition to

alleging defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, the State wrote defendant was staying two houses from the victim and, on the way to the police station, said he "was going to kill" Davis.

¶ 6 Also that day, a detention hearing was held. The State proffered the following for probable cause:

> "If we were to go to trial, we anticipate we would provide testimony including *** Officer [Nate] Atkins of the Canton Police Department. *** [H]e would testify that on Friday, February 23rd, 2024, at approximately 2:28 a.m., he was dispatched to 30 East Maple Street, Canton, *** in regard to an alleged battery.
>
> Upon investigation, he learned that [defendant] had entered the residence of [Davis] while [Davis] was asleep on his chair and punched him in the face several times. The officer observed blood coming out of his face."

The State further proffered the following: defendant told Officer Atkins he was staying two houses away from the victim, he "wanted to kick the victim's a***," and, en route to the police station, he "will kill the victim."

¶ 7 After the State began to address defendant's criminal history from the pretrial report, the trial court stated it had looked at that report and would admit it for the purpose of the detention hearing. According to the report, defendant's 15-year-old daughter resided with her mother in Bartonville, Illinois. Defendant had a lengthy criminal history beginning in 1985. All but one of the offenses were misdemeanors or traffic offenses. These included disorderly

conduct, possession of drug paraphernalia, driving on a suspended license, domestic battery in 2012 and 2017, battery in 2022, and assault. Defendant's lone felony conviction is a conviction in 1995 for aggravated battery of a peace officer/fireman, for which he was sentenced to two years' probation. The report further indicates defendant denied having any issues with his mental health. He stated he had some issues in the past, which were treated with medication, but he stated he was not on medication at the time of the charged offense. Defendant reported being sober from drugs "for many years" and drinking only seldomly. Defendant had "two or more failures to appear." The report also mentions two orders of protection regarding individuals with the same last name as defendant. Neither appears to match the name of his daughter. Because we do not know the age of these individuals, they are identified only by their initials:

"On January 6, 2022, Fulton County Order of Protection number 22-OP-5 was entered. This is set to expire on November 23, 2024. The protected party is listed as [V.O.] Also on this same date, Fulton County Order of protection number 22-OP-6 was entered, and is set to expire on the same above-mentioned date. The protected party in this OP is listed as [M.O.] On January 27, 2022, Fulton County Order of Protection number 22-OP-7 was entered. This is set to expire on January 27, 2026. The protected party is listed as [B.C.]"

¶ 8        Defense counsel called defendant to testify. Defendant testified he resided in Bryant, Illinois. If released, he agreed not to go near Davis's residence or Canton. Defendant responded, "I'm not even in Canton. I just ended up there last night because of the bank and my transportation and my license. I had no—I was comin' home, walking." Defendant had one

minor child, whom he visited "[e]very other weekend, any time I want to see her." Defendant had retired, and he had a pension. Defendant stated he would comply with court orders to check in with a probation officer and undergo a mental-health evaluation. Defendant wanted to see his child.

¶ 9        Defense counsel acknowledged defendant was charged with a Class X felony but argued the situation was more like a battery. Defense counsel urged defendant be released with conditions, such as some "base-level supervision" and a mental-health evaluation, as well as an order defendant stay away from Davis and Canton, unless he needed to go to the bank or visit with his child.

¶ 10       In denying defendant pretrial release, the trial court stated the following:

"[Defendant], you have been in front of this Court a number of different times. In looking at your Pretrial Report, I see a, really an extended history of alcohol abuse, substance abuse, and disregarding the orders of the Court, failures to appear, and other things like that. And the proffer that the State has made, 2:28 a.m. in somebody's house, allegedly beating him in the face or whatever, is extraordinarily frightening, horrible experience for somebody else to be. When you couple that with the statements you made to the officer, I, I—

***

I'm not gonna release you at this point."

¶ 11       Using a preprinted form, the trial court entered a written order finding the State proved the dangerousness standard by clear and convincing evidence. On the lines provided for

- 4 -

the reasons for the finding defendant presents a real and present threat, the court entered the following: "Based upon the nature of the allegations[,] the possible punishments for the defendant, as well as past cases and history, with the Defendant being named and the indication of the defendant[']s inability to abide by court orders."

¶ 12       This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14       On February 23, 2024, defendant filed a notice of appeal challenging the order denying him pretrial release under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court Rules (see Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023)), by which he asks this court to overturn the trial court's order denying him pretrial release and permit him to be released with an imposition of conditions. The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked three grounds for relief and inserted language after these grounds. Defendant also filed a supporting memorandum.

¶ 15       Under all four grounds for relief checked by defendant, the additional language provided by defendant substantially mirrors the preprinted text. The first two grounds for relief are the State failed to meet its burden of proving by clear and convincing evidence: (1) the proof is evident or the presumption great defendant committed the charged detainable offense and (2) defendant poses a real and present threat to the safety of a person or persons or the community.

¶ 16       All criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Before the State may overcome that presumption and secure pretrial

detention of a criminal defendant under section 110-6.1(e), the State must prove multiple factors. One is to prove by clear and convincing evidence "the proof is evident or the presumption great that the defendant has committed" an offense described in section 110-6.1(a) (*id.* § 110-6.1(a)). Another factor, also proved by clear and convincing evidence, is "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." See *id.* §§ 110-6.1(a)(1.5), (e)(2). The Code gives the trial court broad discretion in choosing what factors to consider in making this determination. See *id.* § 110-6.1(g) (setting forth factors a trial court may consider when considering dangerousness). These factors include the nature and circumstances of the offense charged (*id.* § 110-6.1(g)(1)), the defendant's history and characteristics, including whether there is evidence of violent, abusive, or assaultive behavior (*id.* § 110-6.1(g)(2)(A)), and statements made by the defendant (*id.* § 110-6.1(g)(4)).

¶ 17    We have reviewed the record and found defendant failed to prove error on these first two grounds. See, *e.g.*, *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44, 91 N.E.3d 950 (stating the appellant bears the burden of persuasion as to his or her claims of error).

¶ 18    For his third ground for relief, the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate defendant's real and present threat, defendant provided additional argument in his memorandum. Defendant argues he resides in Bryant and could be required to stay away from Davis, who resided in Canton. He further maintained there is no evidence indicating defendant had "a serious or persistent enmity or other relationship with Mr. Davis that would lead him to seek out Davis."

¶ 19    We find no abuse of discretion in the decisions of the trial court finding the State

clearly and convincingly proved this ground and ordering defendant detained. Initially, we note the court did not find defendant was a specific threat to Davis, but a threat to a "person or persons or the community." Nevertheless, the record supports a finding defendant's threat to Davis or the community in general was proved clearly and convincingly. The court plainly considered the proffers, the nature and circumstances of the offense, defendant's history that included violent offenses, orders of protection secured against him, failures to comply with court orders, and defendant's statements near the time of his arrest of his intent to cause Davis further harm. The court's decision was not "arbitrary, fanciful, or unreasonable." (Internal quotation marks omitted.) *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 20        Last, we note defendant's fourth checked ground for relief is irrelevant. The fourth box checked by defendant asserts the trial court erred in finding no condition or combination of conditions would reasonably ensure defendant's appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. This argument applies to appeals from orders *revoking* pretrial release under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)). Here, defendant was detained under section 110-6.1 of the Code (see *id.* § 110-6.1(a), (e)(2)-(3)), which does not require the State to prove this factor before obtaining an order *denying* defendant pretrial release.

¶ 21                                III. CONCLUSION

¶ 22        We affirm the trial court's judgment.

¶ 23        Affirmed.