NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240636-U

NO. 4-24-0636

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 2, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| DAEQUAN T. ANDREWS, | ) | No. 24CF72 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Randy A. Yedinak, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Vancil concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2     Defendant, Daequan T. Andrews, appeals the trial court's order denying him

pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725

ILCS 5/110-6.1 (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and

102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On April 5, 2024, the State charged defendant with two counts of domestic

battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)) (Class 4 felonies) and one count each of

violation of conditions of pretrial release (*id.* § 32-10(b)), criminal damage to property (*id.* § 21-

1), and obstructing a peace officer (*id.* § 31-1(a)).

¶ 5        That same day, the State filed a verified petition to deny defendant pretrial release under section 110-6.1(a)(1) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2022)), alleging defendant poses a real and present threat to the safety of any person or persons or the community.

¶ 6        Also that day, the trial court held a detention hearing. The court observed, in addition to the petition to detain filed in this case, the State filed a petition to revoke in an earlier case, Livingston County case No. 23-CF-431. The State proffered the following, initially offered on the issue of probable cause, in support of its petition:

> "This is for 24-CF-72, the new one. *** On April 4th, 2024, officers responded to a 911 hang up at 516 West Main Street in Cornell. On arrival, officers observed the defendant arguing with a woman who identified herself as Dorella Chestnutt. The argument was over, determined to have been over an altercation between the defendant and Gabriella Chestnutt, the alleged victim. Dorella is the mother of Gabriella Chestnutt.
>
> The defendant admitted to officers that he had been staying at 516 West Main Street. The defendant is currently under conditions of pretrial release for 23-CF-431 prescribing no entry to 516 West Main Street and no contact with Gabriella Chestnutt.
>
> The defendant admitted to punching the window of Gabriella's car and officers did observe damage to the windshield. The defendant admitted that he had gotten into an argument with Gabriella Chestnutt. Officers spoke to Dorella Chestnutt and she

- 2 -

explained that she came to the residence to help her daughter, Gabriella Chestnutt, leave whereupon she ended up in an argument with the defendant as well after she had observed a bruise on Gabriella Chestnut. Dorella explained that defendant began threatening to hit her and yell at her and then police arrived.

Officers told the defendant to have a seat in the police car whereupon the defendant fled. Officers ultimately lost track of him. Officers then went to speak with Gabriella Chestnutt. She explained that there was an argument between her and the defendant. She explained that the argument started about Gabriella's use of TikTok. The argument escalated whereupon the defendant kicked her in the face and then punched the windshield of her car. Officers did observe the bruise to Gabriella's eye that Dorella Chestnutt had mentioned."

The State added defendant and Gabriella had been dating and resided together.

¶ 7     The State further proffered the pretrial investigation report. According to that report, defendant had worked full-time at Burger King for approximately one month. Before that, he worked at McDonald's. The Ontario Domestic Assault Risk Assessment (ODARA) rated defendant's risk as 6 out of 13. That assessment "predicts that 53% of individuals who score this level are predicted to commit an act of domestic violence within 5 years." The State noted this assessment does not include defendant's prior domestic-violence convictions. Defendant received a score of 7 out of 14 on the Virginia Pretrial Risk Assessment Instrument-Revised (VPRAI), indicating he had a 21.4% failure rate. Defendant was on pretrial supervision in

Livingston County case No. 23-CF-431 when charged with the offenses. In that case, he was charged with domestic battery with one to two previous convictions and unlawful restraint. The pretrial report reveals multiple South Carolina convictions. For example, in May 2023, defendant was convicted and sentenced to 90 days or a $500 fine for "DUS LICENSE NOT SUSP FOR DUI 3RD OR SUB." In July 2021, he was convicted for second degree harassment and "Telephone/Unlawful Communication." In February 2021, defendant was convicted of possession of a firearm or ammunition by a person convicted of a violent felony. In July 2019, defendant was convicted of second degree assault and battery.

¶ 8        Defense counsel proffered defendant denied making physical contact with Gabriella. He emphasized he had permission from both Gabriella and her mother to stay at the residence. Defendant reported, in the past, Gabriella and her mother threatened to inflict injuries on themselves and to falsely accuse defendant as the perpetrator of those injuries. Defendant, a South Carolina resident, stated he would agree to abide by pretrial release conditions, including attending court hearings.

¶ 9        After the parties presented argument on the matter of defendant's alleged dangerousness, the trial court ordered defendant detained. The court summarized the factors the State must prove by clear and convincing evidence and the statutory factors it may weigh in determining whether to grant the State's petition to deny pretrial release. The court found the proof evident and the presumption great defendant committed a qualifying offense, poses a real and present threat to Gabriella's safety, and no conditions of pretrial release would mitigate that threat. The court observed it had ordered defendant not to return to the residence and yet he did so. The court emphasized defendant's criminal history, finding it "not good." The court found no conditions that could mitigate the threat to Gabriella. The court noted any conditions it could

- 4 -

impose were imposed in case No. 23-CF-431, and defendant violated those conditions.

¶ 10 At this same hearing, the trial court ruled on the petition to revoke filed in case No. 23-CF-431 and ordered pretrial release revoked. This appeal is not consolidated with case No. 23-CF-431. In addition, defendant's notice of appeal does not include a challenge to the order revoking his release in case No. 23-CF-431.

¶ 11 The trial court entered a written detention order finding the State proved the factors of the dangerousness standard by clear and convincing evidence. This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13 On April 9, 2024, defendant filed a notice of appeal challenging the order denying him pretrial release under Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). Defendant's notice of appeal is a completed form from the Article VI Forms Appendix to the Illinois Supreme Court rules (see Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023)), by which he asks this court to reverse the detention order. The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked two boxes and provided additional support on the lines beneath the preprinted text of those grounds. Defendant did not file a supporting memorandum.

¶ 14 The first ground for relief checked by defendant in his notice of appeal is the State failed to prove by clear and convincing evidence the proof is evident or the presumption great he committed the offenses charged. In support, defendant argued the following on the preprinted lines:

> "The Defendant denied making physical contact with the
>
> victim and that the victim and her mother have threatened to inflict
>
> injuries upon themselves and call the police blaming the

Defendant. The Defendant also proffered that he would abide by any pretrial conditions including no contact with the alleged victim or her residence, be subject to GPS monitoring and any other conditions the court felt appropriate. The Defendant scored a 7 on the VPRAI assessment tool and a 6 on the ODARA assessment tool. The Defendant works full time."

¶ 15            Under the Code, all criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). Before the State may overcome that presumption and secure the pretrial detention of a criminal defendant under section 110-6.1, the State must prove multiple factors. One is to prove by clear and convincing evidence "the proof is evident or the presumption great that the defendant has committed" an offense described in section 110-6.1(a) (*id.* § 110-6.1(e)(1)). We review the trial court's decisions and findings on issues of pretrial detention under the abuse of discretion standard. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10. We will find an abuse of discretion if the decision is unreasonable, arbitrary, or fanciful, or if we find no reasonable person would agree with the trial court's decision. *Id.*

¶ 16            In this case, the trial court did not abuse its discretion in finding the State proved by clear and convincing evidence the proof is evident and the presumption is great defendant committed domestic battery. Gabriella reported defendant kicked her in the face, and she had visible injuries on her face. Defendant fled the scene when police officers arrived, and defendant admitted striking her vehicle. The court plainly did not find defendant's denial credible.

¶ 17            While defendant did not check the box on the preprinted form challenging the trial court's determination the State proved by clear and convincing evidence no condition or combination of conditions can mitigate the threat, defendant mentioned "conditions" and

identified specific conditions he maintains should have been imposed. His notice of appeal raises a challenge to the court's finding.

¶ 18    The trial court did not abuse its discretion in finding no condition or combination of conditions can mitigate the threat defendant poses to the community. Defendant was on pretrial release with conditions when the alleged offenses were committed. The court weighed statutory factors, considered the proffers, and made its findings. Those findings were not unreasonable, arbitrary, or fanciful.

¶ 19    The next checked box on defendant's notice of appeal alleges he "was denied an opportunity for a fair hearing prior to the entry of the order denying or revoking pretrial release." Under the preprinted text, defendant wrote the following:

> "The State filed both a Petition to Detain in 2024 CF 72 and a Petition to Revoke Pretrial Release in 2023 CF 431. A Detention Order was entered in 2024 CF 72 but no order revoking Pretrial Release was entered in 2023 CF 431. A Petition to Detain has different considerations than a Petition to Revoke Pretrial Release."

¶ 20    This argument fails. Defendant has not shown how, even if true, he was denied a fair hearing on the petition to detain because an order on the petition to revoke was not entered. As the appellant, defendant bears the burden of proving the trial court erred. See, *e.g.*, *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44. We fail to see how the different considerations affected defendant's hearing, as the proper considerations for a petition to detain under section 110-6.1(a) of the Code were argued and weighed here before an order to detain was entered.

¶ 21                                III. CONCLUSION

¶ 22    We affirm the trial court's judgment.

¶ 23          Affirmed.